The Minglewood Coal & Ice Co. *v.* Carson, Admr.

(Decided May 11, 1928.)

*Messrs. Weygandt & Ross,* for plaintiff in error.
*Messrs. Wertz & Breitenstein,* for defendant in error.

Pardee, J.  Boyd Carson, as administrator of the estate of Eleanor Carson, deceased, brought an action at law in the court of common pleas of said county to recover damages from the Minglewood Coal & Ice Company, a corporation, for unlawfully causing the death of said Eleanor Carson.  The corporation denied any legal liability for said death and the case was submitted to a jury, which brought in a verdict for $4,500 in favor of the administrator.

A motion for a new trial filed by the company was

overruled, a judgment was entered upon the verdict, and the case is here on error to reverse that judgment.

For convenience the parties will be referred to as plaintiff and defendant, as they stood in the trial court.

In the early evening, on the 1st day of December, 1926, the plaintiff administrator, the husband of said decedent, was driving his automobile in a southerly direction on the Three C's highway, and drove into the rear of a Ford truck parked on the west side of said highway about a mile north of Wooster, said truck not having a tail-light, as required by law, and being one of three Ford trucks loaded with ice which had started from Chippewa Lake in Medina county for Wooster. The decedent was riding with her husband at the time of the accident and was thrown out of said car, and shortly afterward died from the effect of the injuries she then received.

About a mile north of where the accident occurred, one of the loaded trucks ran out of gasoline and could not proceed further on its own power, so two of the trucks were coupled together by means of a chain about 10 feet in length, and then these two trucks by means of a rope were coupled to the truck that was out of gasoline. Thus the front two trucks were expected to furnish the power to pull the rear truck to Wooster.

As these trucks proceeded up a hill in their course the front truck became heated from pulling the excess load, and it later became necessary to stop the trucks, which was done at the place of the accident.

Each of said trucks was equipped with a regular lighting equipment, as provided for that type of

truck, which system operates by means of a magneto and lights the lamps, both front and rear, when the engine is running. If for any reason the engine stops, the lights go out.

As the trucks proceeded, the rear truck, which was the one out of gasoline, was kept in gear, thus keeping its engine, and at the same time the magneto, in operation, and keeping the lights burning both in the front and in the rear of said truck; but when said trucks stopped, the rear one did not have any lights upon it, either in the front or rear.

There is a dispute as to the precise time that the accident occurred, but it happened between 7 and 7:30 o'clock, p. m.

The highway where the accident occurred is paved to a width of 18 feet. The evidence shows that, immediately preceding the accident, two automobiles traveled north on said highway, past the trucks and the plaintiff, and that both of said automobiles were equipped with lights, which the defendant claims so blinded the plaintiff that it was his duty to stop his automobile, and that his failure to do so constituted contributory negligence, which, as a matter of law, he being the sole beneficiary of the decedent, prevented him from recovering.

The several alleged errors claimed by the defendant are the following, to wit:

First. At the close of plaintiff's case the defendant moved for a directed verdict, which was overruled; the claim being that plaintiff's evidence showed that he was guilty of such negligence as a matter of law as would bar his right of recovery.

Second. That the court committed prejudicial error in admitting certain testimony offered by the

plaintiff, to which the defendant objected and excepted.

Third. That the trial court committed prejudicial error in refusing to give defendant's special requests Nos. 2, 3 and 4 before argument.

Fourth. That the court committed prejudicial error in its general charge.

Fifth. That the verdict and judgment are contrary to law and against the weight of the evidence.

Sixth. That the amount of the verdict is excessive and not warranted by the evidence.

We will consider these several complaints of the defendant in the order named.

The evidence of the plaintiff shows that, immediately before the accident, he was driving his Reo automobile on said highway at approximately 20 miles an hour. He testified that he went over the brow of a small hill immediately prior to said accident, and that he passed two automobiles coming towards him—the first one about 300 feet away from him as he went over the top of said hill, and the second about 100 feet back of the first one—and that, when he first saw the trucks, they were about 15 feet back of this second car. He says he kept his eyes on the second automobile until it passed him, as he could see approximately 15 feet to the rear thereof. He said that the second car had ordinary lights, and that, as it approached him, both he and the driver of the second car turned on their dim lights, and that he could see about 200 feet ahead of him when there was no obstruction. He further testified that he did not see the truck until he was almost upon it, and that he turned to the left in an attempt to avoid hitting it, but failed to do so.

There can be no question about the principles of law applicable when a motion is made at the conclusion of the plaintiff's case to direct a verdict in favor of the defendant. This question has been before the Supreme Court of our state many times, and the rule has been reaffirmed each time, the most recent case being *Painesville Utopia Theatre Co.* v. *Lautermilch,* 118 Ohio St., 167, 160 N. E., 683, decided February 29, 1928, the syllabus of which reads as follows:

"Whenever, from conflicting evidence of the same witness or of different witnesses, it becomes necessary to weigh such conflicting evidence to determine wherein the probable truth lies, or from a combination of circumstances determine an ultimate fact upon the determination of which different minds might reasonably arrive at different conclusions, it is the province of the jury to perform that function. It is reversible error for the court to invade that province of the jury."

In arriving at a proper conclusion upon this motion, the trial court was required to apply the rule announced in the case of *Cleveland, C., C. & St. L. Ry. Co.* v. *Lee, Admr.,* 111 Ohio St., 391, 145 N. E., 843, the syllabus of which case reads:

"1. In an action where the negligence of the defendant is admitted or proven, and contributory negligence on the part of the plaintiff is an issue, and the plaintiff's evidence raises a reasonable presumption of negligence on his part, directly contributing to his injury, the burden is cast upon him to furnish proof, as a part of his case in chief, tending to dispel such inference, and a failure to furnish any such proof will defeat a recovery by him and it then becomes the duty of the court to direct a verdict.

"2. In an action involving the negligence of the defendant and contributory negligence of the plaintiff when, giving to every portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence on his part, such evidence under such interpretation is susceptible of no other reasonable inference than that of negligence on his part, directly contributing to his injury, the question of contributory negligence ceases to be a question of fact for the determination of the jury, but, for the purposes of the case, becomes an uncontroverted fact for a declaration by the court of the law applicable thereto. It is the duty of the court in such case to direct a verdict."

This motion, interposed by the defendant at the close of plaintiff's evidence, presented two subjects for consideration relative to plaintiff's claimed negligence, to wit, first: Did plaintiff's evidence raise a reasonable presumption of negligence on his part? Second: If it did, did he, as a part of his case in chief, furnish proof to dispel such inference?

At the time of the accident the plaintiff was required to do those things which an ordinarily prudent man would do under the same or similar circumstances; and, in arriving at a proper solution of the question submitted, this rule of law must always be kept in mind in the application of the other rules which we have hereinbefore stated.

From the plaintiff's evidence it must be admitted by the defendant that, even at the time it made the motion, it was apparent that defendant was guilty of negligence at the time of the accident, and from a careful consideration of the plaintiff's evidence offered in chief, involving the admitted negligence

of the defendant and the claimed contributory negligence of the plaintiff, and giving to every portion of the plaintiff's evidence the most favorable interpretation in favor of the absence of negligence upon his part, we are unable to say that such evidence under such interpretation is susceptible of no other reasonable interpretation than that of negligence upon his part directly contributing to his injury; in other words, we cannot say, as a matter of law, that the plaintiff at the time of the accident, under all of the circumstances as shown by the evidence in his behalf, did not do that which an ordinarily prudent person would have done under the same or similar circumstances, and, an inference of contributory negligence not being raised by plaintiff's own evidence, he was not required to offer any evidence in regard thereto.

The defendant's next complaint relates to the admission of certain testimony offered by the plaintiff over the objection and exception of the defendant.

From our examination of the whole record, we do not find that the trial court committed any error prejudicial to the defendant in the admission of this testimony. In fact, the trial court said, in relation to the admission of certain evidence about which complaint is made, that there is "considerable evidence, as to the one automobile truck running out of gas, and the amount of gas placed in the truck before it started on this trip, and that there were gasoline stations at various places where gasoline might have been procured. None of those things make any difference in this case."

The defendant claims next that the trial court committed prejudicial error in refusing to give its

special requests Nos. 2 and 4 before argument; but we do not think so, as the Supreme Court, in the recently decided case of *Tresise* v. *Ashdown, Admr.,* 118 Ohio St., 307, 160 N. E., 898, held that:

"In an action to recover damages for injuries claimed to have been sustained by the driver of a motor vehicle resulting from a collision with another motor vehicle parked at the right side of the highway at night with no light in the rear or other warning thereof, an instruction to the jury that operation of such motor vehicle at such a rate of speed that the driver cannot stop within the distance that an obstruction in the highway could be seen by his own headlights, constitutes 'negligence *per se,*' is erroneous."

And in the case of *Robinson, Admx.,* v. *Pennsylvania Rd. Co.,* 117 Ohio St., 43, 158 N. E., 83, the Supreme Court held substantially the same way.

As to special request No. 3, about which complaint is also made, the same subject-matter was fully covered by defendant's special request No. 1, given to the jury by the court before argument.

The next complaint made by the defendant relates to the charge of the court with reference to the measure of damages if the jury found the defendant liable; the charge upon this point being the following:

"In an action by a personal representative for the recovery of damages for death caused by wrongful act or negligence, the jury may give such damages as they think proportionate to the pecuniary losses resulting from such death to the person for whose benefit the action is brought. The measure of damage in this case is the pecuniary injury to the

husband of the decedent. The damages are limited to the pecuniary, that is, the money loss, and nothing can be allowed on account of bereavement, wounded affections, or mental anguish. A money value of such loss by reason of such death is the limit of the recovery. This loss, if any, must be determined by you from the evidence in the case, and not merely by guess. Such facts should be established in the case by evidence as will enable you to fix the amount of the pecuniary loss to the person entitled to share in the recovery.

"It must be shown by evidence that in the usual course of events in life, the beneficiary would have received financial aid from the deceased, had she lived. This may be shown by evidence tending to prove that in the lifetime of the deceased she supplied aid, support and financial assistance to the beneficiary, or that she would likely have done so had she lived. The relationship of the deceased to the beneficiary may also be shown, and her disposition toward him, as likely to result in gifts, services or inheritance, and to that end, her age and ability to make and save money and perform services may be taken into consideration.

"It is for you to determine from all the circumstances in the case, if you find for the plaintiff, what, in your judgment, would be the proper amount to award to the plaintiff for the loss which he sustained, if any; that is, the money loss, by reason of the death of his wife. However, if you fail to find for the plaintiff, under the instructions which I have given you, then your verdict must be for the defendant."

The particular part of the foregoing about which complaint is made is the following:

''It is for you to determine from all the circumstances in the case, if you find for the plaintiff, what, in your judgment, would be the proper amount to award to the plaintiff for the loss which he sustained, if any; that is, the money loss, by reason of the death of his wife.''

In connection with this complaint the defendant also alleges that there was no evidence offered by the plaintiff which showed in any way that the plaintiff would have received any financial aid or support from the deceased, and that the most he was entitled to receive was merely nominal damages.

The evidence shows that the decedent had been married just six weeks at the time of her death; that her husband was 28 years of age and that she was 19 years of age; that her expectancy of life was 42.17 years; that she and her husband were living together; but there is no direct evidence that decedent was earning money or contributing anything to her husband in the way of financial help.

There are many cases in which evidence of direct pecuniary loss cannot be given, but we all know that in such cases verdicts of substantial amounts have been returned and sustained. In cases of this kind it is a matter of general knowledge to jurors and all others that a dutiful wife, in the discharge of her ordinary marital duties, renders real financial assistance to her husband—not in the form of money, but otherwise—the value of which services are not susceptible of direct evidence, but which nevertheless cannot be replaced or supplied, and cannot be measured by any standard except that which is a matter of common knowledge to all intelligent persons. This does not require the jurors or others to

speculate, but to exercise a sound judgment and draw proper inferences from the facts established.

This action is not the ordinary one to recover damages for a tort, but is based upon a liability created by statute (Section 10770, General Code), and now recognized by our state constitution, (Article I, Section 19a). This law does not provide any rule to determine the damages recoverable except that "the jury may give such damages as it may think proportioned to the pecuniary injury resulting from such death [Section 10772, General Code]."

This question has been before the Supreme Court on many occasions, and judgments for substantial amounts have been affirmed where the decedents were children, some of tender years, and in all these cases the juries under the law have rendered their verdicts from the facts established, using their own experience in the conduct of human affairs in arriving at the amount of the verdict. *Grotenkemper* v. *Harris, Admr.*, 25 Ohio St., 510. Verdicts may be increased by showing a special pecuniary value of the decedent; that he was a man of large affairs, earning large sums of money, and contributing generously to the support of those for whose benefit the statute was enacted; and, on the other hand, the verdict may be decreased by showing that the decedent was in poor health; that his expectancy of life was short; or that he was crippled, and in no event and under no circumstances of any special help to those for whose benefit the statute was enacted; or that he was a real detriment and expense to the ones for whose benefit the statute is intended.

From our examination of this record, we are satisfied that no prejudicial error intervened, that the

amount of the verdict is not excessive; that it was not produced by passion or prejudice; and that the same is not manifestly against the weight of the evidence.

*Judgment affirmed.*

WASHBURN, P. J., and FUNK, J., concur.