## Gottke v. Diebold, Inc.
### [Cite as 6 AOA 130]

*Case No. CA-3484*
*Licking County, (5th)*
*Decided August 9, 1990*

*Kevin J. O'Brien, Michael F. Colley Co., 536 South High Street, Columbus, Ohio 43215, for Plaintiff-Appellant.*

*David W. Wenger, Reese, Pyle, Drake & Meyer, 36 N. Second Street, Newark, Ohio 43055, for Defendant-Appellees.*

*Gust Callas, Black, McCuskey, Souers & Arbaugh, 1000 United Bank Plaza, 220 Market Ave. South, Canton, Ohio 47702, for Defendant-Appellees.*

*Robert Frost, Frost & Broschak, 400 South Fifth Street, Columbus, Ohio 43215, for Defendant-Appellees.*

MILLIGAN, J.

The claim in this case is that Teresa M. Jocz, who died April 14, 1988, contracted scleroderma, by exposure to certain chemicals during her employment at Diebold, Inc. The chemicals were manufactured by A. W. Chesterton Company.

A wrongful death and survivorship action was brought against Diebold and Chesterton by Diane Gottke, "individually, and as the personal representative of the estate of Teresa M. Jocz, deceased." In the complaint Diane Gottke represents that she is a daughter of the decedent and is "the personal representative of the estate of Teresa M. Jocz, deceased." At the time the complaint was filed the decedent's husband Henry Jocz, was in fact the duly appointed executor of the decedent's estate.

On May 24, 1989 Gottke commenced proceedings in the Franklin County Probate Court to have her substituted instead of Henry Jocz as fiduciary, based upon his refusal to cooperate in the prosecution of the within action. Hearing was held June 14, 1989 and the Franklin County Probate Court reopened the estate and appointed Diane Gottke successor administrator with will annexed of the estate.

On June 13, 1989, ten weeks the complaint was filed, the Licking County Common Pleas Court, finding that Chesterton had failed to answer or otherwise plead, granted default judgment and set the matter for damages on July 7, 1989.

On June 30, 1989, claiming favor of Civ. R. 50, plaintiff moved for leave to file an amended complaint substituting Diana Gottke as the successor administrator of the estate of Teresa M. Jocz, *inter alia*. The first amended complaint was filed June 30, 1989.

On July 3, 1989 Chesterton filed a Civ. R. 60(B) motion to vacate the default judgment.

On July 21, 1989 Diebold moved the court to dismiss citing "plaintiffs lacked standing to file the within action and therefore the complaint failed to state a claim upon which relief could be granted.

At a hearing on both chesterton's motion to vacate and Diebold's motion to dismiss the court ruled:

"There absolutely is no doubt that the plaintiffs filed this action without legal standing or right to do so on March 27, 1989. The only justification for doing so was to avoid the running of the Statute of Limitations.

"Therefore, the motion to vacate the default judgment is granted. The motion to dismiss is granted. Case dismissed at the costs of plaintiffs."

September 11, 1989 Judgment.

By separate entry on September 22, 1989 the court sustained Chesterton's motion to dismiss and dismissed the case as to Chesterton.

From that adverse judgment plaintiffs appeal assigning two errors:

"ASSIGNMENT OF ERROR NO. I.
THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT, DIEBOLD'S MOTION TO DISMISS.

"ASSIGNMENT OF ERROR NO. II.
THE TRIAL COURT ERRED IN VACATING PLAINTIFF'S DEFAULT JUDGMENT AGAINST DEFENDANT, A. W. CHESTERTON CO."

Appellant failed to comply with Loc. App. R. 4. We nonetheless address the cause on its merits.

### I. DIEBOLD

Wrongful death proceedings have no common law heritage. They are a product of legislative action and involve rights created by the legislature. *Minglewood Coal & Ice Co. v. Carson* (1928), 31 Ohio App. 237.

"When the death of a person is caused by wrongful act, neglect, or default which would have entitled the party injured to maintain an action and recover damages if death had not ensued, the person who would have been liable if death had not ensued, ... shall be liable to an action for damages, notwithstanding the death of the person injured..."

R.C. 2125.01.

"An action for wrongful death shall be brought in the name of the personal representative of the decedent for the exclusive benefit of the surviving spouse, the children, and the parents of the decedent,..."

R.C. 2125.02(A) (1).

"An action for wrongful death shall be commenced within two years after the decedent's death."

R.C. 2125.02(D).

In the first instance this case was not "brought in the name of the personal representative of decedent," as required by R.C. 2125.02.

It is clear that at the time this action was filed the plaintiff had no standing to sue claiming benefits of the special statutory proceeding of wrongful death. *Weidner v. Rankin* (1875), 26 Ohio St. 522.

The more critical issue is whether the defect was cured by the subsequent appointment of plaintiff as successor administrator with will annexed of the estate.

Appellants argue that by subsequently acquiring standing to sue such standing and status relates back to the time the complaint was filed so as to salvage the proceedings by the doctrine of "relation back."

Appellee Diebold challenges the right of appellant to invoke the provisions of Civ. R. 17(A) to salvage the standing problem created by the original complaint.

"(A) Real Party in Interest. Every action shall be prosecuted in the name of the real party in interest. *** No action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, of the real party in interest. Such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest."

Civ. R. 17.

Appellees claim that Civ. R. 17 is specifically inapplicable as a result of the provision of Civ. R. 1(C) (7), this being a "special statutory proceeding."

Appellees ask us to draw a comparison from *Holland v. Carlson* (1974), 40 Ohio App.2d 325, where the court ruled that Civ. R. IS could not be used to add a necessary party in a will contest case, with relation back, thus extending the statutory limitation of action, R.C. 2741.09.

Appellant claims favor of the "no action shall be dismissed on the grounds that it is not prosecuted in the name of the real party in interest" language of Civ. R. 17, but they do not address the issue of applicability as a result of Civ. R. 1(C) (7).

We conclude that an action for wrongful death must be brought in the name of the personal representative of the decedent; Civ. R. 17 may not be used to, in effect, extend the applicable statute of limitations; and the doctrine of relation back does not apply where the plaintiff misrepresents his/her capacity, and fails to procure appointment within the time prescribed by the appropriate statute of limitations, or file "in the name of" the personal representative.

The legislative purpose in requiring wrongful death actions to be filed in the name of the personal representative of the decedent is clear. Any other mechanism would conceivably subject potential defendants and the courts to multiple and vexatious litigation, particularly where the damages are to flow through the estate. *Douglas v. Daniel Bros. Coal Co.* (1939), 135 Ohio St. 641, 647.

Cases cited by appellant, allowing relation back, are distinguishable on two grounds:

(1) In none of the cases was the court (and the adverse parties) misled by a misstatement of qualifications,

(2) In none of the cases was a new cause of action added by the tardy amended complaint."

In *Archdeacon v. Cincinnati Gas & Electric Co.* (1907), 76 Ohio St. 97, the Supreme Court allowed an amended complaint of wrongful death to relate back where the plaintiff had been defectively appointed as administrator under circumstances where she was not aware that sureties had failed to sign the bond and actual letters of appointment had not been issued at the time the complaint was filed. The action was salvaged as against the two year statute of limitations based upon what the court called a "mere technicality" finding that the act of filing the petition was not void. The distinction is self evident; there the plaintiff was simply not fully qualified, here she had not even applied for appointment; there she believed she was qualified, here such belief could not be held; there defendants waited over two years after having filed an original answer admitting qualification before challenging the standing, here, challenge was made within eighteen days of the filing of the original complaint.

In *Douglas v. Daniel Bros. Coal Co.* (1939), 135 Ohio St. 641, the widow filed acting upon the mistaken belief that forms received from the probate court constituted an appointed as administrator. In reversing a directed verdict for defendants the Supreme Court allowed the amended complaint to relate back upon her achieving fiduciary capacity:

"Nor does the statute require that the personal representative shall bring the action, but merely provides the action, if brought, shall be brought in the name of the personal representative. The only concern the defendants have is that the action be brought in the name of the party authorized so that they may not again be hailed into court to answer for the same wrong." *Douglas* at 648.

The reason for the ruling in *Douglas* does not exist here.

In *Kyes, Administrator, v. Pennsylvania R. Co.* (1952), 158 Ohio St. 362, the complaint was

filed by the fiduciary. However, he was subsequently removed and after the period of the statute of limitations the decedent's mother was substituted as party plaintiff.

Appellee correctly argues that rather than mislead the defendants and the court Diane Gottke could have brought the action in the name of the actual fiduciary. That would have accomplished she statutory intent of focusing the response of the court and the adverse parties upon the probated estate.

"Under the provisions of the statute it is not even necessary that the representative bring the action. The requirement is merely that the action be brought in his name."

*Kyes*, at 365, citing *Wolfe* and *Douglas*.

The three additional cases cited by appellant in support of the relation back doctrine can also be distinguished. In *DeGarza v. Chetister* (1978), 62 Ohio App.2d 149, the complaint was initially filed in the name of the ancillary administrator, the personal representative of the deceased. In the case *sub judice* the case as initially filed was not brought in the name of the decedent's personal representative.

*Smith v. Boyers* (1959), 110 Ohio App. 291 applied the relation back doctrine to addition of a statute authorizing a wrongful death action, a different issue from that in the present action.

In *Bell v. Coen* (1975), 48 Ohio App.2d 325, the plaintiff added nothing more than a nominal party. In the case *sub judice*, appellant did not add the personal representative; she changed her own status following appointment. She also added a cause of action.

In *Wrinkle v. Trabert* (1963), 174 Ohio St. 233, the court observed:

"If such a party fails through lack of diligence to procure such appointment within time to properly urge his claim, or, as in the present cause, he starts such procedure but fails to see that it is consummated, the law should not come to his aid." *Wrinkle, supra,* at 250. There the relation back doctrine was not applied.

In the case *sub judice* the plaintiff had ample opportunity to follow the mandate of the statute and file the action in the name of the personal representative. Even when the defect was called to the attention of plaintiff prior to the expiration of the applicable statute of limitations plaintiff failed to alter course to correct the fatal deficiency.

None of the authority cited by the appellant persuades this court that we should extend the principles of relation back to salvage the action originally filed without standing.

The statute of limitations against Diebold, the employer, is one year and the amended complaint is time barred unless it relates back to the original filing. R.C. 4121.80. The first assignment of error is overruled.

II.

The trial court did not err in vacating the default judgment. As noted at assignment of error one, plaintiff had no standing to commence the action. As the judgment was executed prior to the amended complaint and prior to her appointment as fiduciary, the requirements of Civ. R. 60(B) were satisfied, justifying relief from Judgment. When the fictitious nature of the complainant was discovered the remedy was timely pursued.

Further, a proper action is not time barred as to Chesterton by R.C. 2125.02(D).

The trial court neither abused its discretion nor acted contrary to law in vacating its default judgment.

However, the amended complaint, filed by a proper party plaintiff, as to Chesterton, was improperly dismissed. That amended complaint remains viable as to Chesterton, although time barred as to Diebold. The court erred as a matter of law in dismissing the complaint as to Chesterton.

For this reason the second assignment of error is overruled, the judgment vacating the default is affirmed, and the cause is remanded to the Licking County Common Pleas Court for further proceedings according to law.

PUTMAN, P.J., and GWIN, J., concur.