No. 39,047

In the Matter of the Estate of Margaret Keenan, Deceased. (MOLLIE KEENAN LAMB, HAROLD P. KEENAN, MYRTLE KEENAN HOHNER, EDNA KEENAN HAAS, *Appellees*, v. ELLA STROBLE, MARTHA CURTIS, LENA CURTIS, PEARL FRENCH, ROBERT SAVOY, LESTER SAVOY, DELBERT SAVOY, REGINALD SAVOY, JOSEPHINE KEENAN, LAVERNE KEENAN, GERALD KEENAN, HARRY KEENAN, BLANCHE O'CONNER and MARJORIE VRATIL, *Appellants*.)

(262 P. 2d 835)

Opinion filed November 7, 1953.

*K. W. Pringle, Jr.,* of Wichita, argued the cause, and *Emerson H. Shields* and *Harry G. Wiles,* both of St. John, and *R. C. Russell, Isabel Obee* and *Don C. Foss,* all of Great Bend, and *George B. Collins, Oliver H. Hughes* and *Robert Martin,* all of Wichita, were with him on the briefs for the appellants.

*Robert Garvin,* of St. John, and *Ray S. Schulz,* of Great Bend, both argued the cause and *Evart Garvin* and *Morris Garvin,* both of St. John, were with them on the briefs for the appellees.

The opinion of the court was delivered by

SMITH, J.: This was a proceeding to probate a will. The appeal is by objectors to the probate from an order of the district court overruling their motion for judgment on the pleadings. The contest is between four heirs at law of Margaret Keenan, deceased, who were named in her will as devisees, and who desire the will be admitted to probate, on the one hand, and heirs at law, who are not devisees and who object to the probate, on the other.

Margaret died testate on March 5, 1951. She was unmarried and left surviving brothers and sisters and children of a deceased brother as her sole heirs at law. She left real and personal property. In her will she left her undivided interest in described real property, share and share alike, to her brother Harold and three sisters, Myrtle Keenan Hohner, Edna Keenan Haas and Mollie Keenan Lamb. These four are the appellees here. Her personal property was not mentioned in her will and will pass according to the law of descents and distributions. Pearl French was a sister and an heir at law who was not mentioned in the will. On account of the part she will play in the proceedings her name is mentioned now.

About March 22, 1951, counsel prepared a petition in the name of Mollie Keenan Lamb, one of the beneficiaries, praying that the will be admitted to probate. Before this petition could be filed, however, Mollie and her sister, Pearl French, informed counsel that Pearl wished to have the petition filed in her name. Accordingly the petition was changed by erasure so that Pearl French, one of the defendant's sisters and an heir, but not a beneficiary under the will, subscribed and swore to the petition for probate. These two had the will in their custody when they appeared at the office of counsel and it was attached to the petition. This petition was filed in probate court on June 5, 1951. On the same day it was set for hearing on June 29, 1951. Notice was duly given. On June 29, 1951, the will was presented to the probate court, and witnesses to it appeared in person and signed affidavits of proof. At this time counsel appeared for objectors to probate, filed written objections to it, and asked that the hearing be continued for thirty days to give them

time to obtain their evidence. Following that nothing was done as a matter of record until on March 4, 1952, although there had been negotiations among counsel and the parties looking toward a settlement and there had been talk among counsel about Pearl French withdrawing her petition. On March 4, 1952, Pearl French, with her attorneys, appeared in probate court and filed a motion to dismiss the petition filed by Pearl French. Thereupon on the same day a petition asking for probate of the will was filed in the name of Mollie Keenan Lamb. On March 6, 1952, counsel for Mollie asked the probate court for an order setting that petition down for hearing on April 1, 1952. Such an order was made. Notice was duly given. On April 2, 1952, Ella Stroble, Lena Curtis, Martha Curtis and Harry Keenan, all heirs at law of decedent, and not named in the will, filed their objections to probate. The first paragraph of this objection alleged as a ground for refusing probate the following:

"The court does not have jurisdiction to hear the petition for probate of such purported last will of said decedent for the reason that application by the filing of a petition for the probate of such will and having the same set for hearing was not made within one year after the death of the testatrix as provided for by G. S. 1949, 59-617 and 59-2204."

Besides this paragraph, the objection alleged lack of testamentary capacity of the testatrix and undue influence upon her. On April 7, 1952, by mutual consent, the probate court certified the proceedings to the district court. Counsel for four of the objectors stipulated that the objections set out in the above first paragraph would be stricken. The probate court certified to the district court the files in the petition filed in the name of Pearl French, as well as that filed in the name of Mollie Keenan Lamb. In district court Mollie Keenan Lamb filed an amended petition. In the petition she made the necessary formal allegations and in addition alleged the facts and proceedings about as they have been detailed here. Objectors who had not appeared in the probate court filed a motion for judgment on the pleadings for the reason set out in the paragraph quoted above, that the petition for probate and the order setting it for hearing disclosed upon their face that the court had no jurisdiction of the subject matter of the action by reason of the fact that the order setting the petition for hearing was not entered within one year of the date of testatrix' death. This motion was overruled—hence this appeal.

The position of appellants may be stated briefly. They first point out G. S. 1949, 59-617. It provides:

"No will of a testator who died while a resident of this state shall be effectual to pass property unless an application is made for the probate of such will within one year after the death of the testator, except as hereinafter provided."

Also, G. S. 1949, 59-2204, which provides as follows:

"A probate proceeding may be commenced in the probate court by filing a petition and causing it to be set for hearing. . . ."

In *In re Estate of Reed,* 157 Kan. 602, 142 P. 2d 824, we held:

"In order to commence a proceeding in probate court the initiating party must: (*a*) file a petition, and (*b*) cause such petition to be set down for hearing."

Such is generally the law. The objectors argue that since testatrix died on March 5, 1951, and the order setting down Margaret's petition for hearing was not made until March 6, 1952, a year and a day after testatrix' death, it was too late. The effect of this argument is all that transpired before Margaret's petition was a nullity. The case is not that simple. The statutes and our decisions do require that for a will to pass property a petition to admit it to probate must be filed and set down for hearing within a year of testatrix' death. Such a petition was filed, however, due notice was given, and it was set down for hearing well within a year. Not only that, but such a hearing was had in part at least. Had it not been for the objections filed at that time the hearing would have been completed. As it was, attesting witnesses to the will appeared and their affidavits were taken. All that remained to be done was a hearing on the charge of undue influence and lack of testamentary capacity pleaded by objectors. The demands of the statutes and our decisions were thus far satisfied. The question is—Did the dismissal of her petition by Pearl French set all that for naught? We hold it did not. It would not do to hold in view of all the surrounding facts and circumstances the mere change of Margaret Keenan Lamb from her position in the first petition filed by her sister, Mrs. French as legatee, to that of proponent, in the present petition made the latter a distinct proceedings from the first one. They must all be considered together. There was clearly a relationship between them. At the most, the change in names was a formality.

It actually was a substitution. We have dealt with analogous situations.

In *Hucklebridge v. Railway Co.*, 66 Kan. 443, 71 Pac. 814, we held the amendment of a petition in an action for damages by the addition of the name of a party plaintiff does not change substantially the claim or defense. We further held:

"Such an amendment, made more than two years after the cause of action accrued, relates back to the date of the commencement of the action, and the cause of action is not, for that reason, barred by the statute of limitations."

Also, in *Mott, Adm'x, v. Long*, 90 Kan. 110, 132 Pac. 998, in an action brought originally by the widow to recover for the wrongful death of her husband we held:

"If, after commencing such an action in time, the widow be appointed administratrix of her deceased husband's estate and she accordingly amends the petition more than two years after the death, her action as administratrix is not barred by the two years' statute of limitation."

See, also, *Williams v. Bridge & Iron Co.*, 111 Kan. 34, 206 Pac. 327, where we said:

"In an action for damages for wrongful death, brought for the benefit of a person lawfully entitled thereto, the substitution, by amendment, of a new party plaintiff who had a right to sue in that behalf, in lieu of a plaintiff who did not have such right, was properly allowed by the trial court; and such substitution did not change the cause of action; nor did the statute of limitation run against the substituted plaintiff during the pendency of the action as originally begun."

See, also, 67 C. J. S. 1075, Sec. 85; also 67 C. J. S. 1085; also 57 Am. Jur. 560, Sec. 834.

These authorities require a holding that Mollie Keenan Lamb actually took the place of Pearl French as proponent of the will in the petition filed by her and the probate court had the same jurisdiction to proceed to hear the controversy as to whether the will should be admitted to probate as it had in the first instance.

The judgment of the trial court is affirmed.

THIELE, J., concurs in the result.