SMITH, APPELLANT, v. BOYERS, EXRX., APPELLEE.
(Two cases.)

(Nos. 314 and 315—Decided October 26, 1959.)

*Messrs. Moulton, Ricksecker & Wagner* and *Messrs. Moon & Wilber*, for appellants.
*Mr. William A. Finn*, for appellee.

DEEDS, J.   Two appeals on questions of law are presented to this court, from judgments entered by the Court of Common Pleas of Ottawa County.

The actions were alike, as both undertook to recover damages claimed in the petitions to have been sustained by the plaintiffs as the result of an automobile collision occurring in Ottawa County on September 20, 1956.

Petitions were filed by the plaintiffs, and summons were issued on September 19, 1958.

On November 8, 1958, pursuant to leave by the court, plaintiffs filed supplemental petitions.

Demurrers to the supplemental petitions were sustained, and the supplemental petitions were dismissed on July 31, 1959.

The issue for determination is whether the filing of the petitions and the issuance of summons was effective for the commencement of the plaintiffs' actions, within the period of two years from the date the causes of action arose, as required by the statute of limitations.

The facts pertinent in a consideration of these appeals and also the specific issues to be determined are well stated in the brief of counsel for appellee as follows:

"Harrison G. Smith filed an action in the Common Pleas Court of Ottawa County against Abigail T. Boyers claiming certain personal injuries allegedly sustained by the plaintiff in an automobile collision which occurred on September 20, 1956.

"Reita Smith also filed an action against Abigail T. Boyers likewise asserting a claim for personal injuries received in the same collision. The two petitions were filed by the plaintiffs in the Common Pleas Court of Ottawa County on September 19, 1958. A demurrer was filed by the defendant in each of the causes. Before the Common Pleas Court ruled on the demurrer, supplemental petitions were filed on November 14th. The defendant withdrew her demurrer to the original petition and filed demurrers to the supplemental petitions. The Common Pleas Court sustained the demurrers and the plaintiffs have perfected appeals.

"Inasmuch as the identical questions of law are presented in each of the cases, defendant is hereby filing a consolidated brief in cases numbered 314 and 315.

"Statement Of The Case.

"On September 20, 1956, plaintiffs were involved in an automobile collision with defendant's decedent. In January, 1958, defendant's decedent died and on March 17, 1958, defendant was appointed, by the Probate Court of Ottawa County, executrix of her deceased husband's estate. Plaintiffs did not file, with the defendant executrix, their claims for alleged personal injuries

received in the said collision within the four months statutory period as prescribed by Ohio Revised Code 2117.06. On September 19, 1958, just short of the two year anniversary date of the said collision, plaintiffs filed, in the Common Pleas Court of Ottawa County, a petition for certain injuries and damages allegedly caused by the negligence of defendant's decedent by reason of the said automobile collision. On the same day, September 19, 1958, plaintiff filed, in the Probate Court of Ottawa County, a petition to present the claims to defendant fiduciary after the said four month period, but before the expiration of nine months from the date of the appointment of the defendant fiduciary. It is to be noted that at the time of the filing of the petitions in the Common Pleas Court, plaintiffs did not have authority from the Probate Court to present their claims to the defendant executrix.

"On October 13, 1958, the Ottawa County Probate Court heard the plaintiffs' petitions for authority to present their claims, and after finding that the plaintiffs had no actual knowledge of the death of the defendant's decedent, granted such authority. The journal entry authorizing the presentation of the claims specifically states that the matter was heard and determined by the Probate Court on October 13, 1958. Claims were presented to the defendant fiduciary on October 30th, 1958, and, thereafter, the said claims were rejected on or about November 5th. The actual rejection of the said claims therefore did not occur until long after the expiration of the two year statute of limitations.

"Questions Of Law Presented.

"1. Did the plaintiff have a completed cause of action which was capable of being commenced on September 19, 1958?

"2. Did the plaintiff, by filing a petition in the Common Pleas Court of Ottawa County, invoke the jurisdiction of the court over the subject matter so as to commence a cause of action?

"3. Did the subsequent presentation of plaintiffs' claims to the fiduciary and the rejection thereof thereby relate back to September 19, 1958, so as to confer jurisdiction upon the Common Pleas Court?"

Plaintiffs, appellants herein, have filed assignments of error as follows:

"1. The court erred in sustaining the demurrer to the supplemental petition of plaintiff.

"2. The court erred in dismissing the supplemental petition of plaintiff and in granting defendant's motion for judgment."

The petitions contained allegations to the effect that plaintiffs had filed petitions in the Probate Court of Ottawa County, seeking authority to present their claims to the executrix of the estate of the decedent, Henry G. Boyers.

In addition to general allegations of fact, the supplemental petitions contained the following allegations:

"Plaintiff says that at the time of filing the original petition herein, there was pending before the Probate Court of Ottawa County, Ohio, a petition filed by him in said court for authority to present his claim to Abigail T. Boyers, executrix of the estate of Henry G. Boyers, deceased. That the Probate Court of said county on October 13, 1958, held a hearing upon said petition and thereafter entered an order granting this plaintiff authority to present his claim to said executrix. That on October 30, 1958, pursuant to the authority granted by the Probate Court, plaintiff's claim was presented to the defendant in her fiduciary capacity, such claim being for damages for personal injuries, for loss of property and loss of wages, as hereinafter set forth, and in the amount herein prayed for. That at the same time, plaintiff demanded in writing that said claim be allowed within five (5) days from the date of its presentation, and that defendant failed to give the plaintiff within such five day period a written statement of the allowance of such claim, and thereby did in fact reject said claim."

The claims were presented to the executrix of the estate of the decedent pursuant to Section 2117.07, Revised Code. We quote that part of Section 2117.07 considered pertinent here:

"Anyone having a claim against an estate who fails to present his claim to the executor or administrator within the time prescribed by law may file a petition in the Probate Court for authority to present his claim after the expiration of such time. Such petition forthwith shall be assigned for hearing and at least five days before the date of the hearing the claimant shall give written notice thereof to the executor or administrator and

to such other parties as the court may designate. The court may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

"(A) That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06 of the Revised Code."

The order of the Probate Court authorizing the plaintiffs to present their claims to the executrix of the decedent's estate was a final order affecting a substantial right in a special proceeding, and such order was subject to review on appeal. *In re estate of Wyckoff*, 166 Ohio St., 354, 142 N. E. (2d), 660, 66 A. L. R. (2d), 653.

No appeal was taken from the order of the Probate Court authorizing the plaintiffs to present their claims to the executrix of the estate of the decedent, as provided by Section 2117.07, Revised Code.

We are bound to conclude that plaintiffs met all the requirements of the law in the presentation of their claims to the executrix of the decedent's estate.

By the enactment of Section 2117.07, the Legislature intended that the Probate Court "may authorize such claimant to present his claim to the executor or administrator if, on the hearing, the court finds as follows:

"(A) That the claimant did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06 of the Revised Code."

The Probate Court determined, in effect, that the claimant "did not have actual notice of the decedent's death or of the appointment of the executor or administrator in sufficient time to present his claim within the period prescribed by Section 2117.06 of the Revised Code."

When the plaintiffs filed their petitions to commence their actions in the Court of Common Pleas, they alleged, as noted above, that they were then seeking authority from the Probate Court to present their claims to the executrix of the decedent's estate.

Following authorization by the Probate Court, the plaintiffs filed supplemental petitions in which it is alleged that they had presented their claims and that same had been rejected by the executrix of the decedent's estate.

It is the contention of the defendant, appellee herein, in effect, that the plaintiffs could not commence their actions unless they had presented their claims to the executrix for allowance or rejection and that, therefore, the filing of the petitions before the statute of limitations had run was not a commencement of the actions.

We believe the established principle, applicable here, is stated in the syllabus in *Louisville & Nashville Rd. Co.* v. *Greene, Admx.*, 113 Ohio St., 546, 149 N. E., 876:

"1. Suit was brought in an Ohio court for wrongful death resulting from injuries sustained in the state of Kentucky. The petition did not set forth any Kentucky statute authorizing recovery of damages therefor in that state. After trial and verdict a new trial was granted, and the plaintiff given leave to file an amendment to her petition setting forth a statute of Kentucky authorizing recovery of damages for wrongful death. *Held*: The Ohio courts cannot take judicial notice of the existence of such statute of a sister state. Not having been pleaded in the petition, that pleading was subject to demurrer.

"2. Since the action could not have been based upon any common-law liability, an amendment to the petition setting forth such Kentucky statute was not a new, independent, or substituted cause of action, and was not a departure from the action commenced. It sought merely to cure a defect in the original pleading by supplying a missing allegation.

"3. Under Section 11363, General Code, such amendment may be made after the period of limitation has expired, provided the action was commenced within that period. Such amendment relates back to the time of the commencement of the action."

We quote a pertinent part of the opinion by Jones, J., in *Louisville & Nashville Rd. Co.* v. *Greene, Admx., supra*, at page 551:

"The question presented here for decision is whether, under the statutes of Ohio relating to amendments and procedure,

the trial court erred in permitting the plaintiff below to amend her petition as stated, and, as a corollary thereto, whether, if the petition were amendable (since it is claimed that under the Kentucky statute of limitations the action must be begun within one year), such amendment could be made after the period of limitation for bringing the action under the Kentucky statute had expired. The answer to the second question rests upon the conclusion of this court whether the amendment to the original petition substituted a new, different, or independent cause of action, and was thus a departure from the action as first brought. For, if no new or distinct cause of action is set forth in the amendment, we think that by the overwhelming weight of authority an amendment to the action may be made after the period of limitation has run, provided the original action was commenced in due time. In such cases the amendment relates back to the commencement of the action.

" 'An amendment to a declaration, which sets up no new cause of action, and makes no new demand, relates back to the commencement of the action, and the running of the statute against the claim so pleaded is arrested at that point.' 17 Ruling Case Law, 815.

"In this state this principle has been announced in the following cases: *B. & O. & C. R. R. Co.* v. *Gibson*, 41 Ohio St., 145, and *Zieverink* v. *Kemper, Receiver*, 50 Ohio St., 208, 34 N. E., 250. In *Texas & Pac. Ry. Co.* v. *Cox*, 145 U. S., 593, 12 S. Ct., 905, 36 L. Ed., 829, the following proposition was stated in the syllabus:

" 'The rule that an amended declaration which sets forth a new cause of action is subject to the operation of a limitation coming into force after the commencement of the action does not apply to an amendment which sets forth the same cause of action as that set forth originally.'

"In the case of *Seaboard Air Line Railway* v. *Renn*, 241 U. S., 290, 293, 36 S. Ct., 567, 568 (60 L. Ed., 1006), Mr. Justice VanDevanter, speaking for the court, said:

" 'If the amendment merely expanded or amplified what was alleged in support of the cause of action already asserted, it related back to the commencement of the action and was not affected by the intervening lapse of time.' "

The rule considered by us to be established in Ohio is stated in the first paragraph of the syllabus in *Douglas, Admx.*, v. *Daniels Bros. Coal Co.*, 135 Ohio St., 641, 22 N. E. (2d), 195, as follows:

"Where a widow institutes an action, as administratrix, for damages for the wrongful death of her husband, under the mistaken belief that she had been duly appointed and had qualified as such, thereafter discovers her error and amends her petition so as to show that she was appointed administratrix after the expiration of the statute of limitation applicable to such action, the amended petition will relate back to the date of the filing of the petition, and the action will be deemed commenced within the time limited by statute."

In the opinion in *Douglas, Admx.*, v. *Daniels Bros. Coal Co.*, *supra*, the principle and the reasons for the application of same are stated in part, as follows, at page 644:

"It is well settled in Ohio that if an amended petition does not set up a new cause of action it will not be barred by the statute fixing a period of limitation for the institution of suit, but will relate back to the date of the filing of the original petition. See 25 Ohio Jurisprudence, 588, Section 241; *Louisville & N. Rd. Co.* v. *Greene, Admx.*, 113 Ohio St., 546, 149 N. E., 876. The rule of relation back was followed in *Archdeacon, Admr.*, v. *Cincinnati Gas & Electric Co.*, 76 Ohio St., 97, 81 N. E., 152; *Missouri K. & T. Ry. Co.* v. *Wulf*, 226 U. S., 570, 57 L. Ed., 355, 33 S. Ct., 135; and *Clinchfield Coal Corp.* v. *Osborne's Admr.*, 114 Va., 13, 75 S. E., 750, all of which were wrongful death cases.

"* * * *

"Section 11363, General Code, authorizes a court in the furtherance of justice, to amend any pleading, process or proceeding, before or after judgment, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case when the amendment does not substantially change the claim. Under authority of Section 10214, General Code, the provisions of Section 11363, General Code, are to be liberally construed in order that the parties may be assisted in obtaining justice.

"Under and by virtue of these provisions, this court has

approved substitution of plaintiffs. In the case of *Van Camp* v. *McCulley, Trustee*, 89 Ohio St., 1, 104 N. E., 1004, an action was brought by a creditor of an insolvent corporation on behalf of himself and other creditors against Van Camp and other stockholders of the company, to compel payment into court of unpaid subscriptions to capital stock of the corporation. A demurrer was filed on the ground that plaintiff had not reduced his claim to judgment and exhausted his legal remedies. Pending the demurrer, a trustee of the insolvent corporation was appointed in bankruptcy. The court thereupon substituted the trustee as plaintiff and permitted him to file an amended petition. Judge Wilkin, in his opinion, said:

" 'Manifestly there was in the beginning, as shown by the original petition, a cause of action in somebody. If Van Camp was owing an unpaid subscription to stock of this company and the company's affairs were not wound up and liquidated, and the company was, as is alleged in the petition, insolvent, it was the duty of the subscribers to pay the money due for stock to somebody for the benefit of the company's creditors. This was a duty which the court could enforce in a case properly brought before it.

" 'The question is, in whom was the right to bring this suit? It was not in the creditors, Barnard Brothers, until they had put their claim in judgment and exhausted their remedies at law. The allegation of the latter fact was necessary to complete their right of action, and therefore there appears a defect in the title to the suit. The court was empowered, in furtherance of justice, to amend the proceedings by adding or striking out the name of any party, or by doing both. Section 11363, General Code. This it did by substituting the name of the party entitled for the name of the party not entitled. This was right. *L. S. & M. S. Ry. Co.* v. *Elyria*, 69 Ohio St., 414; *McDonald* v. *Nebraska*, 101 Fed. Rep., 171.'

"Whether the substitution of a party plaintiff, having capacity to bring the suit, in the stead of the original plaintiff who filed the action without capacity to bring the suit, is a change in the original cause of action depends entirely upon the allegations in the amended petition. The mere substitution of parties plaintiff, without substantial or material changes from

the claims of the original petition, does not of itself constitute setting forth a new cause of action in the amended petition. As was said in the opinion in the case of *Van Camp* v. *McCulley, Trustee, supra*: 'The mere change of the name of the plaintiff in the title would not of course change the cause of action.'

"In the instant case the cause of action set up in the petition is in no way affected by the corrections contained in the amendment. The amendment corrects the allegations of the petition with respect to plaintiff's capacity to sue and relates to the right of action as contradistinguished from the cause of action. A right of action is remedial, while a cause of action is substantive, and an amendment of the former does not affect the substance of the latter. See 1 Bouvier's Law Dictionary (Rawles Rev.), 295; Pomeroy's Code Remedies (5 ed.), 526 *et seq.*, Section 346 *et seq.*; 1 Cyc., 642. An amendment which does not substantially change the cause of action may be made even after the statute of limitations has run."

In *Moherman* v. *Nickels*, 140 Ohio St., 450, 45 N. E. (2d), 405, 143 A. L. R., 1174, the rule is stated in paragraph three of the syllabus:

"An amendment to a petition, in the interests of justice, reinstating a defendant who had been duly served with summons within the statutory period of limitation but had been later dismissed, may be made after the expiration of the period within which the action may be brought, provided the cause of action set out in the petition is not materially changed by such amendment, even though it results in making the party complaining the sole defendant in the action. Such amendment relates back to the time the action was commenced, and the limitation is computed from that time."

Also, see, *Morton* v. *Fast, Exr.*, 159 Ohio St., 380, 112 N. E. (2d), 385.

It is our conclusion that the order of the Probate Court authorizing presentation of the claims and the presenting of same by the plaintiffs to the executrix relate back to the time of the filing of the petitions and that the actions were commenced as required by law.

We determine that the Court of Common Pleas erred in sustaining the demurrers and dismissing the supplemental petitions.

The judgments of the Court of Common Pleas are reversed, and the causes are remanded for further proceedings according to law.

*Judgments reversed.*

FESS, P. J., and SMITH, J., concur.