Argued May 5, reversed May 27, 1964

# WINK *v.* MARSHALL
### 392 P. 2d 768

*Duane Vergeer,* Portland, argued the cause for appellant. On the brief were Vergeer & Samuels and Frederic P. Roehr, Portland.

*Irvin D. Smith,* Portland, argued the cause for respondent. With him on the brief was Larry Landgraver, Portland.

Before McALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

GOODWIN, J.

Plaintiff brought this action for damages against the estate of Michael Talbott, a deceased motorist. The defendant, as the purported administrator of the estate, appeals from a judgment for plaintiff.

Talbott was driving his own automobile and was killed in a collision with the plaintiff's automobile. There is some question under ORS 30.080 whether there was sufficient evidence to justify submitting the case to the jury. However, the sufficiency of the evidence need not detain us, for it appears that the action, as filed, did not lie in any event.

The trial court did not have jurisdiction of the subject matter of this action or of Talbott's estate. Talbott was a resident either of Multnomah County or of Umatilla County at the time of his death in November of 1960. His estate was duly administered in Umatilla County. Administration was completed on August 24, 1961.

■ The nominal defendant in this case, however, was not the administrator who had served as such in Umatilla County. On December 11, 1961, the plaintiff attempted to institute in Wasco County a second administration of Talbott's estate. The plaintiff's petition recited that the appointment of an administrator was necessary "in order that a claim may be filed against said estate" by the plaintiff. However, no jurisdictional fact required by ORS 115.020, 115.310, and 115.140 was set forth. *Anderson, Adm. v. Clough et al.,* 191 Or 292, 230 P2d 204 (1951).

Under ORS 115.020, the probate court of Wasco County had no authority to appoint an administrator for the estate of the deceased. The petition for the appointment of an administrator in Wasco County was defective on its face. Consequently, the order taken *ex parte* by the plaintiff in the probate court of Wasco County was void. The administrator allegedly appointed thereby was not an administrator, and his acceptance of service of summons in this action was a nullity. Thus, the trial court could not have acquired jurisdiction over the estate of Talbott, nor could it have acquired jurisdiction of a claim against Talbott's estate.

■■ The plaintiff contends that the nominal defendant submitted to the jurisdiction of the court and defended the action as an administrator, and, there-

fore, that he ought to be estopped to deny that he was an administrator. Because the alleged administrator was never an administrator, his actions could in no way be binding upon an estate he could not lawfully represent. The whole proceeding was void from the beginning. *Anderson, Adm. v. Clough et al.,* supra.

■■ Jurisdiction cannot be conferred by the parties by consent, nor can the want of jurisdiction be remedied by waiver, or by estoppel. See *Fox v. Lasley,* 212 Or 80, 93, 318 P2d 933 (1957). The power of probate courts to appoint administrators is a power conferred upon the courts by statute and by no other method. *Dippold v. Cathlamet Timber Co.,* 98 Or 183, 189, 193 P 909 (1920).

The want of jurisdiction having been made known to the trial court, the judgment should have been vacated below.

Reversed.