Argued June 2, affirmed December 3, 1964

# RICHARD *v.* SLATE ET AL
396 P. 2d 900

*George L. Hibbard,* Oregon City, argued the cause for appellant. On the briefs were Hibbard, Jacobs, Caldwell & Kincart, Oregon City, and Jack C. Nulsen, Jr., Newberg.

*David Sandeberg,* Portland, argued the cause for respondents. On the brief were Sandeberg, Recken & Leutjen, David J. Krieger, and Black, Kendall, Tremaine, Boothe & Higgins, Portland.

Before MCALLISTER, Chief Justice, and ROSSMAN, PERRY, SLOAN, O'CONNELL, GOODWIN and DENECKE, Justices.

PERRY, J.

The admitted facts in this case are that on October 18, 1959, Lucille Pedersen, a non-resident of the state of Oregon, was injured in an automobile accident and died in Yamhill county, Oregon; that on January 10, 1961, John E. Richard made application in Multnomah county, Oregon, for appointment as administrator of the estate of Lucille Pedersen, deceased, and he was appointed by that court; that on April 26, 1961, John E. Richard, as administrator of the estate, brought an action against the named defendants for the wrongful death of Mrs. Pedersen. Subsequently, and on November 9, 1961, the defendants moved the Multnomah county probate court to set aside the appointment of John E. Richard. On October 11, 1962, the probate court set aside the appointment on the grounds that it was without jurisdiction to make the appointment since the deceased was a non-resident of the state and left no assets in Multnomah county. Thereafter, on October 30, 1962, John E. Richard made application for appointment as administrator of the estate in Yamhill county, and was, by the probate court of that county, duly appointed and qualified.

After Richard was appointed administrator in Yamhill county, he filed an amended complaint in the action, alleging his appointment as administrator on October 30, 1962. The defendants demurred to the complaint on the ground that the complaint disclosed on its face that the action had not been commenced by a personal representative of the deceased within two years after the death of Mrs. Pedersen as required by ORS 30.020.

■ The trial court sustained the demurrer and the plaintiff has appealed.

ORS 30.020 reads as follows:

"When the death of a person is caused by the wrongful act or omission of another, the personal representatives of the decedent, for the benefit of the surviving spouse and dependents and in case there is no surviving spouse or dependents, then for the benefit of the estate of the decedent, may maintain an action against the wrongdoer, if the decedent might have maintained an action, had he lived, against the wrongdoer for an injury done by the same act or ommission. Such action shall be commenced within two years after the death, and damages therein shall not exceed $25,000, which may include a recovery for all reasonable expenses paid or incurred for funeral, burial, doctor, hospital or nursing services for the deceased."

Under this statute, the cause of action is granted to the personal representative of the deceased for the benefit of those named in the statute. No cause of action is granted to the surviving spouse or dependents. *Hansen v. Hayes,* 175 Or 358, 154 P2d 202; *Kosciolek v. Portland Ry., L. & P. Co.,* 81 Or 517, 160 P 132.

2. The right of action for wrongful death is statutory, for it is well-established that at common law no remedy by way of a civil action for wrongful death existed. The action for injury died with the person. *Fergison v. Belmont Conv. Hospital,* 217 Or 453, 343 P2d 243; *Cowgill, Adm'r v. Boock, Adm'r,* 189 Or 282, 218 P2d 445, 19 ALR2d 405; *Hansen v. Hayes,* supra.

ORS 30.020 created a new right and a new liability, and is not a survival statute. *Apitz v. Dames,* 205 Or 242, 287 P2d 585. While granting a new cause of action, the statute also limits the cause of action to a

period of two years. Thus the right of action is a qualified right.

"A statute of limitations should be differentiated from conditions which are annexed to a right of action created by statute. A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time." 34 Am Jur 16, Limitation of Actions § 7.

Statutes of limitation which are not a part of a right are procedural only, while those which are contained in a statute which creates a right are a part of the substantive law which creates the right of action. *Deupree v. Levinson,* 186 F2d 297.

The condition annexed to and forming a part of the right to maintain the action for wrongful death is a part of the right and not a statute of limitations. *Hansen v. Hayes,* supra; *Winslow v. Carolina Conference Association,* 211 NC 571, 191 SE 403; *Lineberry v. Mebane,* 218 NC 737, 12 SE2d 252; 67 ALR 1070.

■ Generally, it seems to be well-established that in those instances where an action has been commenced by one who had no cause of action, the bringing in of the proper party as plaintiff to maintain the action is regarded as the commencement of a new action when a

statute of limitations has intervened. *Floyd Plant Food Co. v. Moore,* 197 Ark 259, 122 SW2d 463; *American R. Express Co. v. Reeves,* 173 Ark 273, 292 SW 109; *Pearson v. Anthony,* 218 Iowa 697, 254 NW 10; *Forehand v. Hall,* 355 SW2d 940 (Mo 1962); *Reynolds v. Lloyd Cotton Mills,* 177 NC 412, 99 SE 240, 5 ALR 284.

There is language in *Griffin v. Workman,* 73 So2d 844 (Fla 1954), and *Douglas v. Daniels Bros. Coal Co.,* 135 Ohio St 641, 22 NE2d 195, 123 ALR 761, cases relied upon by plaintiff, which would indicate that those courts had rejected this rule. If so, we are unable to agree. Permitting one who has no cause of action to commence an action and await the substitution of the party having a cause of action after a limitation period has expired would be sanctioning a practice which would circumvent the legislative intent in passing statutes of limitation.

We are not concerned with the general powers of courts to permit amendments of pleadings as to the capacity in which a plaintiff sues prior to or subsequent to the running of a general statute of limitations, 74 ALR 1269, or which permit amendments as to beneficiaries under the act. *Ross v. Robinson,* 174 Or 25, 147 P2d 204. We are concerned with the question of the substitution of a party who has a cause of action for a party who did not have a cause of action when the action was commenced.

■ We think it must be conceded that the attempt to appoint a personal representative of the estate of Lucille Pedersen in Multnomah county was a complete nullity. *Wink v. Marshall,* 237 Or 589, 392 P2d 768; *Anderson, Adm., v. Clough et al.,* 191 Or 292, 230 P2d 204. The problem then presented in this case is whether, since the complaint shows upon its face

that the action was commenced by one not authorized to maintain the action within the statutory time, the subsequent appointment of a personal representative is the commencement of a new action or merely the maintenance of the prior action.

The plaintiff argues that, although the prior appointment of John E. Richards was a nullity, and he was at that time a stranger to the action, he was, before trial of the issue, duly appointed personal representative of the estate of Lucille Pedersen, deceased, that this appointment relates back to the commencement of the action, and this is sufficient to permit the trial court to adjudicate the issues set forth in the complaint.

The courts are not in accord as to whether the appointment of a personal representative will relate back so as to validate an action brought prior to appointment if the statute of limitations has run.

We have held that the fact that at the time a suit was filed by a party alleging to be the administrator when in fact he had not been appointed administrator was not prejudicial to the defendant so long as he was appointed prior to trial, the court stating in *Cockerham v. Potts,* 143 Or 80, 90, 20 P2d 423:

"The record shows that on March 10, at the time of the filing of the amended complaint and at the time of the trial, plaintiff J. T. Cockerham was the duly appointed administrator of the estate of Joseph Cockerham, Jr., deceased. The defendants were not prejudiced by reason of the date of the letters of administration. There can be no question but that any judgment obtained by plaintiff would be a complete bar to any subsequent action for the cause mentioned in the complaint."

But this case did not involve the running of a statute of limitations.

*Douglas v. Daniels Bros. Coal Co.,* supra, is cited and to some extent relied upon by the Supreme Court of North Carolina in its opinion in *Graves v. Welborn,* 260 NC 688, 694, 133 SE2d 761, 765. The North Carolina court states the facts in the Ohio case as follows:

"There, decedent died October 28, 1935. His wife, as administratrix, instituted an action for his wrongful death on October 27, 1937—one day before the statute of limitations would have barred the action. Prior to that date, after having presented herself to the probate court asking to be appointed, she had received forms from the court which she erroneously believed to be letters of administration. Thereafter she informed her counsel that she had been appointed, and the error was not discovered until preparations were being made for the trial. She was actually appointed on November 27, 1937, more than two years after the date of death. Thereafter she filed an amended complaint in which she alleged the above facts and attempted to ratify her act in commencing the action. *Inter alia,* defendant interposed these defenses: (1) Plaintiff did not have legal capacity to sue at the time she instituted the action, and (2) at the time of filing the amended petition the action was barred by the two year statute of limitations for wrongful death actions. The trial court sustained these defenses and directed a verdict for the defendant. The Court of Appeals reversed, quoting from the earlier case of Archdeacon v. Cincinnati Gas & Electric Co., 76 Ohio St. 97, 81 N.E. 152 as follows:

" '* * * [T]he motion to dismiss, was based upon a mere technicality. The plaintiff having fully qualified as administrator before the case was reached for trial, every right of the defendants upon the merits of the case was fully preserved, and in no possible aspect could the delay in perfecting the bond and receiving the letters of administration prejudice the defense of the defendants upon the real meritorious question involved in

the controversy, which was whether or not the defendants' negligence was the cause of the death.' Douglas v. Daniels, 62 Ohio App. 1, 22 N.E.2d 1003."

The North Carolina court also approves of *Pearson v. Anthony,* supra, taking the view, where no valid appointment was made prior to the expiration of the right to maintain the action, the action cannot be maintained. In *Pearson v. Anthony,* supra, 218 Iowa 697, 698, 254 NW 10, 11, the Iowa court stated:

"On January 27, 1931, Max Pearson was injured as a result of a collision which took place between the automobile in which he was riding and a car driven by an employe of defendant. It is alleged that Pearson died during November of 1931 as a result of the injuries received in the collision. On the 9th day of February, 1932, a petition was filed in the Woodbury district court entitled 'Helen Pearson, Administratrix of the Estate of Max Pearson, Deceased, Plaintiff, vs. L. D. Anthony, Doing Business Under the Name and Style of L. D. Anthony Produce Company, Defendant.' In the petition it is alleged that 'the plaintiff is the duly acting and qualified administratrix of the estate of Max Pearson, deceased.' On February 25, 1932, the defendant filed a motion to strike certain allegations of the petition. On August 29, 1932, an amended and substituted petition was filed, in the opening paragraph of which the motion to strike was confessed and the statement made that the amended and substituted petition was filed in compliance with the confessed motion to strike. On September 21, 1932, defendant filed an answer to the amended and substituted petition, the first paragraph of which is as follows: 'Defendant admits that he is a resident of Woodbury County, Iowa, but expressly denies that Helen Pearson is administratrix of the estate of Max Pearson, deceased, who died on or about the 20th day of No-

vember, 1931, and states the fact to be that no administrator has been appointed of said estate.'

"On the 17th day of February, 1933, more than two years after the accident, letters of administration were granted in the Woodbury district court to Helen Pearson on the estate of Max Pearson, deceased. The record does not disclose the grant by any other court of letters of administration to Helen Pearson on her husband's estate, or, for that matter, to any other person. On February 18, 1933, the administratrix filed an application in the estate matter stating, among other things, that on the 9th day of February, 1932, the petitioner instituted an action as administratrix of the estate of Max Pearson, deceased, against L. D. Anthony to recover damages for the wrongful death of her decedent; that at the time said action was commenced petitioner had not been appointed administratrix of said estate; that, when she commenced said suit, she expected to secure her appointment as administratrix, but, because of lack of funds, had not been able to promptly procure her appointment; that said suit was commenced for the benefit of the estate, and that the ratification of the commencement of the suit and its prosecution of judgment would be for the best interest of the estate, and asking that her acts in commencing the suit be ratified, confirmed, and adopted, and her acts be validated as of the dates performed, and that the administratrix be directed to prosecute the suit to judgment. On February 18, 1933, an order was made by the court as prayed in the application. These proceedings were had in the estate matter, and, so far as defendant is concerned, were ex parte. None of these matters were pleaded in this suit."

The Iowa court then held, since there had been no personal representative appointed within the two year period of limitations, there was no one in existence to prosecute the case within the time in which the case

could be maintained. The party commencing the suit was a mere pretender.

In *Graves v. Welborn,* supra, the North Carolina court, in reaching the result reached by the Ohio court in *Douglas v. Daniels Bros. Coal Co.,* supra, was careful to point out that it still adhered to the views expressed in *Reynolds v. Lloyd Cotton Mills,* supra.,— that is, that an action for wrongful death is to be deemed commenced only after a personal representative has been appointed and has become a party. However, it felt that it was at liberty to adopt the theory of relation back by reason of the fact that the legislature had removed as an element of the cause from the wrongful death statute the requirement that the action be brought within a period of one year, and the further fact that plaintiff prior to the filing of her complaint had applied for appointment and her power to act was restrained only by the fact that the bond required had not been signed by the surety prior to the filing of the complaint.

It is thus clear, a basis of the court's decision in the *Graves* case was only the question of the personal representative qualifying, that the qualification related back to the date of her appointment and thus validated her acts made while acting in a capacity that was only voidable not void and subject to ratification. The fact that the attempted appointment could be validated before the general statute of limitations had expired was a basis of the decision is made clear by the court's pronouncement:

"* * * However, we must not be understood as holding that one who has never applied for letters or who, having applied, had no reasonable grounds for believing that he had been duly appointed, can institute an action for wrongful death, or any other

cause, upon a false allegation of appointment and there after validate that allegation by a subsequent appointment. We think that the Iowa Court correctly dealt with a pretender." *Graves v. Welborn,* supra, 260 NC 688, 696, 133 SE2d 761, 767.

■ The attempted appointment of Richard in Multnomah county was utterly void. No action could be taken by any court that would validate those proceedings so they could be related back to the commencement of this action.

It is a rule of general application, when a law grants a right to a party, that party must comply with all the conditions contained in the statute before the statute will grant the benefit.

ORS 30.020 clearly requires that a personal representative must bring the action and this is as much a condition as that the action be commenced within the two year period.

In the matter before us, no personal representative existed within the two year period who could maintain the action, nor were there any proceedings commenced for the appointment within that time that could be validated.

We are, therefore, constrained to hold that, since no personal representative was appointed within the two year period, the attempt to substitute one who had been appointed personal representative after the period had expired was the commencement of a new action.

The judgment of the trial court is affirmed.

ROSSMAN, J., dissenting.

With the greatest respect for the majority, I cannot bring myself to concur in their opinion. I do not believe that their opinion makes a just disposition of

this case. Not a single decision which the prevailing opinion cites supports its holding which is that unless a complaint that alleges facts showing that the plaintiff has a cause of action against the defendant is filed by an administrator who, at the time of the filing, was a regularly appointed administrator, the situation is a nullity; and the complaint cannot be amended by an administrator who was later regularly appointed but not until after the limitation period had run.

*Cockerham v. Potts,* 143 Or 80, 20 P2d 423, is worthy of attention. In that case the complaint alleged that the plaintiff was the duly appointed administrator of the deceased's estate. As a matter of fact, he was not appointed until more than two months had run after he filed the complaint. Thus, when he, as purported administrator, filed the complaint, no administrator whatever had been appointed. This court affirmed the judgment which the plaintiff recovered. It pointed out that the filing of the complaint before letters of administration had been issued to the plaintiff involved nothing more than the legal capacity of the plaintiff to sue. It held that "There can be no question but that any judgment obtained by plaintiff would be a complete bar to any subsequent action for the cause mentioned in the complaint." In the case now before us, if the plaintiff were permitted to continue the action and won judgment, there could be no question but what if the defendant paid the judgment the plaintiff's satisfaction of the judgment record would release the defendant completely. The good sense of the *Cockerham* decision makes a strong appeal to one's sense of justice. In the case now at bar nineteen days after the Multnomah Probate Court had terminated the plaintiff's appointment as administrator (because it lacked power to have appointed

him), he was duly appointed in Yamhill County (the proper county) and filed an amended complaint. When the plaintiff's authority as administrator was terminated in Multnomah County, the complaint that he had filed and which alleged a good cause of action was not stricken. It is true that the *Cockerham* case did not involve a statute of limitation; but when the courts in instances such as the *Cockerham* case face a situation in which the amended complaint was not filed until the statute of limitations had run, they employ what is termed the Doctrine of Dating Back. I will now give it attention.

The Doctrine of Dating Back dates back an amended complaint, which was not filed until after the limitation period had expired, to the day when the original complaint was filed, provided, of course, that the original and the amended complaints alleged the same cause of action. Possibly an irregularity occurred in the appointment of the administrator, or possibly none whatever was appointed until after the limitation period governing the filing of the action had run. Or possibly the original complaint omitted an ingredient essential to the statement of a cause of action.

Mr. Justice Holmes said in *New York C & H R R Co. v. Kinney,* 260 US 340, 67 L Ed 294, 43 S Ct. 122:

> "Of course, an argument can be made on the other side, but when a defendant has had notice from the beginning that the plaintiff sets up and is trying to enforce a claim against it because of specified conduct, the reasons for the statute of limitations do not exist, and we are of opinion that a liberal rule should be applied."

Based upon the principle of justice expressed by Justice Holmes in the passage just quoted from him, the courts have created the Doctrine of Relating Back.

Under that doctrine if there was filed on behalf of the estate of a deceased a complaint which averred facts showing a good cause of action against an alleged tortious defendant even though some material irregularity had occurred in the appointment of the administrator or in the averment of the cause of action, the courts relate back the amended complaint—which is intended to overcome the defects—even if it was not filed until the limitation period had run and give it the filing date of the original complaint. In that manner the courts deem that the amended complaint was filed on the day of the original complaint. The courts explain that in that way the plaintiff is given a day in court and is not rejected upon a mere technicality. Of course, the courts insist that the amended complaint must be based upon the same cause of action that is set forth in the original complaint.

This court has employed that rule in the following cases: *Mills v. Feiock,* 229 Or 618, 368 P2d 327; *Schulmerich v. First National Bank,* 220 Or 528, 349 P2d 849; *Railton v. Redmar,* 209 Or 80, 304 P2d 408; *Drake Lumber Co. v. Paget Mortgage Co.,* 203 Or 66, 274 P2d 804; *Board of Medical Examiners v. Buck,* 192 Or 66, 232 P2d 791; *Ross v. Robinson,* 174 Or 25, 147 P2d 204; *Richardson v. Investment Company,* 124 Or 569, 264 P 458, 265 P 1117.

*Douglas v. Daniels Bros Coal Co.,* 135 Ohio St 641, 22 NE2d 195, 123 ALR 761, is a good illustration of the application of this principle of law. It has been cited approvingly many times. In that case the complaint filed by a widow who brought an action for the tortious death of her husband alleged that she was administratrix of the deceased's estate. Actually, she had not been appointed and had not even filed a petition for her appointment. The omissions were not

discovered until the limitation period had run. Then the plaintiff secured her appointment as administratrix and filed an amended complaint. The defendant, in a proper manner, challenged the complaint. The trial court sustained the attacks. In reversing, the Ohio Supreme Court stated:

"It is well settled in Ohio that if an amended petition does not set up a new cause of action it will not be barred by the statute fixing a period of limitation for the institution of suit, but will relate back to the date of the filing of the original petition. [Citations] The rule of relation back was followed in Archdeacon, Adm'r v. Cincinnati Gas & Electric Co. 76 Ohio St. 97, 81 N.E. 152, Missouri K. & T.R. Co. v. Wulf, 226 U.S. 570, 33 S. Ct. 135, 57 L Ed. 355, Ann Cas. 1914 B, 134, and Clinchfield Coal Corp. v. Osborne's Adm'r, 114 Va. 13, 75 S.E. 750, all of which were wrongful death cases.

"In the instant case, the original petition alleges that plaintiff is the duly appointed and qualified administratrix of the estate of her husband, Verne Douglas, deceased. The amended petition alleges that at the time of the filing of the original petition plaintiff erroneously believed herself appointed but was in fact not appointed and qualified as such administratrix; that since the filing of her original petition, the error was discovered and she has been appointed and qualified as such administratrix. The amended petition further states that she adopts and ratifies her act in commencing the suit. In all other respects, the petition and amended petition are identical insofar as they relate to the claims made against defendants. The amended petition in no manner changes the cause of action as originally stated, and does not set up a new cause of action."

The majority, after citing the Ohio decision just reviewed, state: "We are unable to agree." The following decisions approved and followed the Ohio deci-

sion: *Graves v. Welborn* (1963), 260 NC 688, 133 SE2d
761, 765; *Smith v. Boyers* (1959), 110 Ohio App 291,
169 NE2d 479, 484; *Church of God, et al v. Tomlinson
Church of God, et al* (1952), 193 Tenn 583, 247 SW2d
63, 67; *Griffin v. Workman* (1954), Fla, 73 So2d 844,
847. So far as I have been able to ascertain, the
majority's opinion is the only one that disapproves
the Ohio decision. The majority cite with approval
*Graves v. Welborn,* supra. It expressly approves and
follows the Ohio decision.

*Williams v. Missouri Valley Bridge and Iron Co.,*
111 Kan 34, 206 P 327, is another case in which the
successful administrator was not appointed until long
after the limitation period had expired. In that case
a resident of Kansas lost his life in an accident in
Missouri. The rights of the parties were governed
by a Missouri statute which enabled the maintenance
of an action for the death to be prosecuted by a Mis-
souri-appointed administrator only. Those who were
entitled to the benefit of the statute had an adminis-
trator appointed in Kansas who thereupon filed an
action. On the eve of the trial it was discovered that
only a Missouri administrator could maintain the ac-
tion. By that time the one year limitation statute had
run and more than three years had expired. Never-
theless, at that juncture, a Missouri administrator was
appointed and filed an amended complaint. The judg-
ment entered in his favor was affirmed. The decision,
in so doing, declared:

> "Of course the Kansas administrator had no
> legal capacity to sue, and consequently could not
> maintain the action * * *."

It continued:

> "While the Missouri administrator filed an
> amended petition, the cause of action was the same

as that originally filed—for damages to William Minney for the wrongful death of Archibald, under the laws of Missouri. * * *"

We quote again:

"* * * But it was of prime importance in this case that substitution of such Missouri administrator be made in the action already begun; otherwise the Missouri statute (one-year limitation) would bar it altogether. * * *"

In reaching its conclusion, the court quoted from one of its earlier holdings, as follows:

" 'Great latitude is given to the trial court in the matter of the amendment of pleadings, with a view of curing defects, supplying omissions, and preventing injustice. Our statute in terms authorizes the adding or striking out of the name of any party or correcting a mistake in the name of a party, or a mistake in any respect. Gen. Stat. 1897, c. 95, § 139; Gen. Stat. 1899, § 4389. Here a mistake was made in bringing suit in the name of the payee of the note instead of the party to whom the payee had indorsed and transferred it. While it is a radical amendment to substitute one plaintiff for another, such an amendment is clearly within the power of the court, under the plain provisions of the Code, and Weaver v. Young, 37 Kan. 70, 14 Pac. 458, is directly in point and settles the question in favor of the substitution. In that case an amendment was permitted striking out the name of one party who was the sole plaintiff and substituting another and distinct party, after it was shown that the first name was used by mistake.' 62 Kan. 860, 62 Pac. 671, citing many earlier Kansas cases."

The following decisions have approved and followed the decision just mentioned. I know of none that have disapproved. *In re Keenan's Estate* (1953), 175 Kan 207, 262 P2d 835, 837; *Cudney v. United Power and*

*Light Corp.* (1935), 142 Kan 613, 51 P2d 28, 31; *Early v. Burt* (1932), 134 Kan 445, 7 P2d 97; *Sundgren v. Topeka Transportation Co.* (1955), 178 Kan 83, 283 P2d 444, 449; *Boudreau v. New England Trans Co.* (1944), 315 Mass 423, 53 NE2d 92, 94; *Montgomery Ward & Co. v. Callahan* (10 Cir, 1942), 127 F2d 32, 37.

The foregoing surely makes it clear that the development which bars the running of the limitation period is not the appointment of an administrator but the filing of a complaint which avers in the plaintiff a cause of action against the defendant. Obviously, if the plaintiff procured the appointment of a score of administrators, the running of the limitation period would not be halted. But for the reasons stated by Mr. Justice Holmes in the passage above quoted, the running of the limitation period is barred when the plaintiff files a complaint which shows that he has a just claim against the defendant. The majority do not seem to understand the difference just noted.

*Wink v. Marshall*, 237 Or 589, 392 P2d 768, may, upon hasty examination, appear to be in point. That, however, is not true. In that case the deceased died in November 1960. An administrator was appointed timely in Umatilla County; he completed administration August 24, 1961. His appointment was evidently free from defects because our decision states that the estate was "duly administered in Umatilla County." Four months after the completion of administration, but eleven months before the limitation period would expire, the plaintiff applied in Wasco County for his appointment as administrator "in order that a claim may be filed against said estate" by the plaintiff. The plaintiff was not the individual who as administrator had administered upon the estate. The case was not

concerned with the doctrine of relation back, the statute of limitations, or the amendment of a pleading. In so stating, I do not disparage the decision in the slightest degree.

Let us bear in mind that no one claims that the plaintiff in the case at bar is an interloper or intruder.

The crucial development is not the appointment of an administrator but the filing of the amended complaint. Frequently the attack upon it is made with a contention that it does not state the same cause of action as the original pleading. The doctrine of relation back will not enable a plaintiff to switch from one cause of action to another, but plaintiffs may be changed.

Clark on Code Pleading, at page 731, states:

"* * * And unless there has been so great a change in the material operative facts that an entirely different fact situation is presented, the amendment should be allowed. This is the theory of the Federal Rules, which is reached through the device of relating back to the original complaint or defense any amendment stating a claim or defense arising out of the 'conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.' "

At page 732, Clark declares:

"* * * the following cases, allowing the amendment after the statute would bar a new action, may be cited: * * * where it made a party coplaintiff who was originally made defendant; * * * where it charged defendant as an individual, rather than in a representative capacity, or set forth that the action was brought by the widow as administratrix, instead of by herself and children as the real parties in interest."

The following is taken from 34 Am Jur, Limitations of Actions, § 271, page 221:

"* * * According to many courts, mere substitution of parties plaintiff without substantial or material changes from the claims of the original pleading does not of itself constitute setting forth a new cause of action in an amended pleading, and may be made after the expiration of the limitation period. * * *"

See also *King v. Solomon*, 323 Mass 326, 81 NE2d 838, 8 ALR2d 1, and the annotation which begins in the volume last cited at page 6.

In the case at bar when the fifth amended complaint was filed no attempt was made to amend a pleading that was a nullity. The fourth amended complaint and its predecessors had not been stricken from the files and no demurrer to any of them had challenged their sufficiency. The plaintiff had been properly appointed administrator in Yamhill County. When the second, third, fourth and fifth amended complaints were filed the Yamhill County administrator appeared in them as plaintiff. The Multnomah Probate Court had gone no further than to vacate the order which it had previously entered appointing an administrator for the estate. After the probate court had vacated that order no court dismissed this action and no court was asked to do so. The complaint remained intact as originally filed. Each complaint plainly stated a good cause of action, and we are aware of no reason why they were not subject to amendment.

It will be noticed that this opinion cites and reviews cases that are squarely in point; in fact, those decisions went much farther than we are required to go. In addition, this opinion cites many additional decisions that also took the same view that this opinion takes

and mentions texts where still other supporting authorities are listed.

Now let us take brief note of the decisions cited in the prevailing opinion.

*Reynolds v. Lloyd Cotton Mills,* 177 NC 412, 99 SE 240, 5 ALR 284, has no application whatever to the case before us. The decision does not mention the doctrine of relation back nor a statute of limitation. In that case an individual named James Scism was moving from one county in North Carolina into another. Before he reached the second county his car turned over and he was killed. The sole issue before the court was: which county has jurisdiction to appoint an administrator. The court resolved the issue solely under a local statute governing domicile.

In *Pearson v. Anthony,* 218 Iowa 697, 254 NW 10, no administrator was appointed and no petition seeking the appointment of one was filed within the limitation period. After the limitation period had run and an administratrix had been appointed "No proceedings were taken," so the decision states, "to amend the petition or substitute the administratrix as a party." Shepard's Northwestern Citator cites only *Griffin v. Workman,* 73 So2d 847 (Florida), as having cited this case. The Florida decision did not follow *Pearson v. Anthony.* Shepard's Northwestern Citator indicates that *Pearson v. Anthony* received attention in 8 ALR2d at page 54. It is there cited in support of the statement "Where the amendment making the substitution of plaintiff introduces a different cause of action the statute of limitations does not cease to run * * *." Nothing of that kind is present in the case at bar.

The following quotations taken from *Graves v.*

*Welborn,* 260 NC 688, 133 SE2d 761, reveal the court's adherence to the doctrine of relation back:

"* * * It is obvious, therefore, that unless the plaintiff's appointment as administratrix related back to the institution of this action, or to the time the order adjudicating her right to letters was signed, it cannot survive defendant's denial of the allegations in paragraph one of the complaint.

"In order to protect property rights and to protect one who, prior to his appointment, has acted to preserve the estate, it is the universal rule that all previous acts of the personal representative prior to his appointment which were beneficial in nature to the estate and which would have been within the scope of his authority had he been duly qualified, are validated upon his appointment which relates back to the death of the intestate for this purpose. Jones v. Jones, 118 NC 440, 24 SE 774; 21 Am Jur, Executors and Administrators § 211; see Annot., 26 ALR 1359.

"Although the appointment of an administrator relates back to the date of the death of decedent for many purposes, the courts are not in accord as to whether it will relate back so as to validate an action brought prior to the appointment.

*       *       *

"We think that the reasoning of the Ohio Court in Douglas v. Daniels Bros. Coal Co., supra, is sound and applicable to the facts of the instant case. Unlike Pearson v. Anthony, supra, our case was not instituted by one *pretending* to be the administrator. * * *

*       *       *

"For the reasons stated, the order of the court below dismissing the action is reversed."

It should be noted that the North Carolina decision, from which I just quoted, cited, approved, and followed *Douglas v. Daniels Bros Coal Co.,* supra. A previous page of this memorandum reviews that deci-

sion. It will be recalled that when the plaintiff's complaint in that case was filed the plaintiff had not been appointed administratrix and that her appointment did not take place until after the limitation period for filing a complaint had expired.

For a review of *Forehand v. Hall* (Mo.), 355 SW2d 940, I accept the following headnote found in the Southwestern Reporter:

"A wrongful death action. The Circuit Court, Greene County, William R. Collinson, J., sustained a motion to dismiss the amended petition of an administrator de bonis non, who was appointed after widow resigned her position as administratrix, and a motion to strike the administrator's motion to substitute a minor child of the deceased as plaintiff and to amend the petition, and the administrator appealed. The Supreme Court, Houser, C., held that more than six months but less than one year after alleged wrongful death, widow had no cause of action as widow or as administratrix of decedent who was also survived by minor son, and, therefore, widow's institution of wrongful death action at such time as administratrix did not toll the one year statute of limitations, and that amended petition filed by decedent's minor child after expiration of one period of limitations could not relate back to action filed within period by administratrix who, on date of filing, had no cause of action as surviving wife or as administratrix and no joint cause of action with child. Judgment affirmed."

It will be observed that there is nothing in that holding that supports the position of the defendants in the case at bar.

*Griffin v. Workman* (Florida), 73 So2d 844, is sufficiently stated in the following headnote:

"Action for wrongful death, instituted by de-

ceased's father, who had not qualified as administrator at time of filing. Father subsequently qualified, but the Circuit Court, Suwannee County, R. H. Rowe, J., dismissed the complaint, and father appealed. The Supreme Court, Sebring, J., held that where no fraud or inequity was involved, and no new cause of action would have been presented by allowing father to prosecute action to conclusion, father's letters of administration would be deemed to relate back to deceased's death, validating father's action on behalf of estate. Order reversed with directions."

The majority cite *American Ry Express Co. v. Reeves,* 173 Ark 273, 292 SW 109. Headnotes 1 and 2 of 292 SW 109 read as follows:

"Under Crawford & Moses' Dig. § 1049, both filing of complaint and issuance of summons thereon are required to 'commence' action, and until then statute of limitation is not arrested.

"Where action instituted Jan. 15, 1921, by alleged trustee of shipper's estate to recover loss in shipment while defendant was being operated under federal control was dismissed for defective parties, complaint amended making shipper plaintiff, and summons was issued on February 12, 1925, action was barred by two-year limitation in Transportation Act Cong. Feb. 28, 1920, § 206(a), being U.S. Comp. St. § 10071 ¼ cc, in view of Crawford & Moses' Dig. § 1049, providing that action is commenced by filing complaint and issuing summons thereon; dismissing action as to alleged trustee and amending complaint substituting shipper being equivalent to institution of original action by shipper."

The majority depend upon *Floyd Plant Food Co. v. Moore,* 197 Ark 259, 122 SW2d 463. The pertinent headnotes set forth in 122 SW2d 463 are the following:

"Where corporation's action on note was instituted three days before running of statute of limita-

tions and nine months thereafter a second corporation sought to be made a party plaintiff and filed amended complaint alleging that second corporation purchased note from first corporation and that first corporation was owned by second corporation and had been dissolved, second corporation could not claim that the corporations were identical, as respects question whether second corporation's recovery on note was barred by limitation.

"Where corporation's action on note was instituted three days before running of statute of limitations and nine months thereafter a second corporation sought to be made a party plaintiff and filed an amended complaint alleging that second corporation purchased notes from first corporation and that first corporation was owned by second corporation and had been dissolved, evidence supported finding that the corporations were not identical, and that second corporation's recovery was barred by limitations.

"One plaintiff cannot be substituted for a non-existent plaintiff to circumvent the bar of the statute of limitations which had completed its running subsequent to filing of action by the non-existent plaintiff."

I do not believe that the authorities which the majority cite support their view. To weaken or blot out the doctrine of relation back is most unfortunate. I dissent.

Mr. Justice SLOAN joins in this dissent.