Argued April 2, reversed with instructions May 31, 1968

# LAMB, *Appellant, v.* YOUNG ET AL, *Respondents.*

441 P. 2d 616

*Thomas M. Triplett,* Portland, argued the cause for appellant. On the briefs were Mautz, Souther, Spaulding, Kinsey & Williamson, A. Allan Franzke and Ridgway K. Foley, Jr., Portland.

*Frank A. Bauman,* Portland, argued the cause for respondents. With him on the brief were Stanley C. Jones, Jr., Joel B. Reeder, Medford, and Keane, Haessler, Bauman & Harper, Portland.

Before PERRY, Chief Justice, and SLOAN, O'CONNELL, GOODWIN, DENECKE, HOLMAN and LANGTRY,* Justices.

DENECKE, J.

Plaintiff brought several lawsuits, consolidated for trial, to foreclose stock pledged to secure promissory notes. The notes were given in consideration of plaintiff's lending money to the defendants to purchase the stock. The trial court, sitting without a jury, found that the plaintiff had participated in the sale of the stock to the defendants, that the sale was in violation of the Oregon Securities Law because the stock was not registered and, therefore, plaintiff could not recover on the notes or foreclose the stock.

The plaintiff asserts that the defendants were barred by the time limitation contained in the Oregon Securities Law from asserting the defense of a violation of the Oregon Securities Law.

ORS 59.250, since repealed, but in effect at the time of these transactions, provided that a sale in violation of the Act was void and upon a tender back of the securities sold, one participating or aiding in the sale was liable for the amount paid for the stock. The defendants alleged that because the sale was in violation of the statute the plaintiff could not collect the amount borrowed to consummate the sale. The trial court found for the defendants upon the basis of this defense.

_____

* Langtry, J., did not participate in this decision.

·· This · section of the statute. provides · further:
··* . * * No action .shall be brought for the recovery
of the purchase price after three years from the date
of the sale; * * *." (contained in 1965 statute).

The trial court concluded that although the above-
quoted statute would have barred the defendants from
bringing an action to recover the money they paid for
the stock, defendants were asserting this statutory
right as a defense of recoupment and the statute of
limitations does not bar assertion of such a right as a
recoupment. We have defined recoupment as "cutting
back" the plantiff's claim. *Rogue River Management
Co. v. Shaw,* 243 Or 54, 58, 411 P2d 440 (1966). We
have also held that the general statute of limitations
does not bar the assertion of a claim by way of recoup-
ment although such claim could not be made the basis
of an action for affirmative relief because the statute
of limitations had run. *Dixon v. Schoonover,* 226 Or
443, 453-454, 359 P2d 115, 360 P2d 274 (1961); *Wright
v. Hage,* 214 Or 400, 404-405, 330 P2d 342 (1958). ·

The reason for the rule that the general statute of
limitations does not bar the assertion of a claim by
way of recoupment, although the claim would be barred
if it were made the basis of a claim for affirmative
relief, has not been clearly articulated. The most prob-
able reason is that the general statute of limitations
affects only the remedy, not the right. *State Land
Board v. Lee,* 84 Or 431, 441, 165 P 372 (1917). Stated
in another way, the debt, obligation or liability still
exists after the time limit has passed; however, the
general statute of limitations bars an affirmative
remedy to enforce the debt, obligation or liability. ·

This court and others have recognized that some
statutes stating the time within which one must bring

an action to enforce a right created by the statute do more than state a time within which the remedy must be commenced. In such statutes the right, not just the remedy, is extinguished if the right is not asserted within the time specified.

Recently, we held that the time limitation in the wrongful death statute affected the right, not just the remedy. "The condition annexed to and forming a part of the right to maintain the action for wrongful death is a part of the right and not a statute of limitations." *Richard v. Slate,* 239 Or 164, 168, 396 P2d 900 (1964). This distinction between time limitations affecting only the remedy and those terminating the right itself was discussed in *Burns v. White Swan Mining Co.,* 35 Or 305, 309-310, 57 P 637 (1899); and *Peters v. McKay,* 195 Or 412, 432, 437-438, 238 P2d 225, 246 P2d 585 (1952).

In *Richard v. Slate,* supra (239 Or at 168), we stated the basis of distinction between time limitations which only affect the remedy and those which destroy the right:

> " '* * * A statute which in itself creates a new liability, gives an action to enforce it unknown to the common law, and fixes the time within which that action may be commenced, is not a statute of limitations. It is a statute of creation, and the commencement of the action within the time it fixes is an indispensable condition of the liability and of the action which it permits. The time element is an inherent element of the right so created, and the limitation of the remedy is a limitation of the right. Such a provision will control, no matter in what form the action is brought. The statute is an offer of an action on condition that it be commenced within the specified time.' " (Quoting from 34 Am Jur 16, Limitation of Actions § 7.)

■ *Peters v. McKay,* supra (195 Or at 432, 437-438), also states this distinction, i.e., a time limitation in a statute creating a right not existing at common law affects the right, not merely the remedy.

In *Rosell v. State Ind. Acc. Com.,* 164 Or 173, 192, 95 P2d 726 (1940), we held that the right to compensation without fault was a right created by the Workmen's Compensation Act, a statutory right, and the time limitation contained in the Act went to the essence of the right, not merely to the remedy.

In *State ex rel Bowles v. Olson,* 175 Or 98, 110, 151 P2d 723 (1944), we held that the federal Emergency Price Control Act created a statutory right not existing at common law and the time limitation provision of the statute affected the very right, not just the remedy.

In *State ex rel Bowles v. Olson,* supra (175 Or at 110), we held that when the time limitation affects the right, the plaintiff must affirmatively allege that the action was brought within the time limit created by the statute. In *Rosell v. State Ind. Acc. Com.,* supra (164 Or at 192), we held that when the time limitation affects the right, the time limitation cannot be waived by either the Compensation Commission or the courts.

We have found no decisions upon the question of whether a time limitation affecting a right created by statute bars the assertion of a right by way of recoupment. If a right is extinguished if not asserted within the time specified in the statute creating the right, logically, it would seem that the right cannot be asserted in any manner, by way of recoupment or by an action seeking affirmative relief. We so hold.

■ The right to the return of the purchase price from the seller of unregistered stock is a statutory

right not existing at common law. *Hartford Acc. and Ind. Co. v. Ankeny,* 199 Or 310, 322-323, 261 P2d 387 (1953), in effect so holds although it does not expressly so state. The California Corporate Securities Act is basically similar to the Oregon statute. A writer commented about the California Act:

> "It is believed that liability under the Act is not essentially either liability for deceit or for negligence, nor is it strictly a warranty liability. It is more accurately a liability created by statute, absolute in nature, regardless of the scienter of the seller, reliance of the buyer, or causation, and it would appear to be mere slavery to old terms to attempt to characterize it by any single common-law concept of liability." Dahlquist, *Regulation and Civil Liability Under the California Corporate Securities Act: III,* 34 Cal L Rev 543, 556 (1946).

We hold that the right to a repayment of the price paid for unregistered stock is one created by statute; that the right is extinguished if it is not asserted within the time provided for in the statute, three years, and, therefore, after the passage of three years, the right is not available to be asserted as a defense of recoupment.

Reversed with instructions to enter a decree in accordance with this opinion.