Argued January 24, reversed and remanded April 2, reconsideration denied April 24, petition for review denied May 9, 1979.

## WEST AMERICAN INSURANCE COMPANY, *Respondent,*
*v.*
## NATIONWIDE MUTUAL INSURANCE COMPANY, *Appellant.*
## No. A7703-02985, CA 10944)

593 P2d 796

Ridgway K. Foley, Jr., Portland, argued the cause and filed the briefs for appellant. With him on the briefs were Souther, Spaulding, Kinsey, Williamson & Schwabe, and John E. Hart, Portland.

M. Robert F. Smith, Portland, argued the cause for respondent. With him on the brief was Fellows, McCarthy, Zikes & Kayser, P.C., Portland.

Before Schwab, Chief Judge, and Buttler and Joseph, Judges.

JOSEPH, J.

**JOSEPH, J.**

Plaintiff, an insurer that had made personal injury protection (PIP) payments to its insured, brought this action for a judgment declaring that defendant, as insurer of the other party involved in the accident which gave rise to the PIP payments, was required to submit to arbitration under ORS 743.825 (as it read prior to amendment in 1975) to determine the amount of reimbursement owed by defendant to plaintiff.

The automobile accident from which plaintiff's insured's injuries arose occurred July 31, 1972. On May 2, 1974, that insured filed a complaint against defendant's insured, seeking damages for personal injuries. The complaint and summons were not served until August 17, 1974. Defendant's insured demurred to the complaint on the ground that the action was barred by the applicable two-year statute of limitations. The demurrer was sustained, and judgment for defendant was upheld on appeal. *Charette v. Eisenbraun*, 274 Or 491, 547 P2d 612 (1976).

This action was commenced March 8, 1977. For a first affirmative defense, defendant alleged that the two-year statute of limitations of ORS 12.110(1),[1] not the six-year limitation period of ORS 12.080(2),[2] applied and that it barred an action for reimbursement. For a second affirmative defense, defendant asserted that by virtue of the judgment in the action by plaintiff's insured against defendant's insured, plaintiff was collaterally estopped from seeking reimbursement. The case was tried to the court on stipulated facts. The court rejected both affirmative defenses and

---

[1] ORS 12.110(1) provides in material part:

"An action for assault, battery, false imprisonment, for criminal conversation, or for any injury to the person or rights of another, not arising on contract, and not especially enumerated in this chapter, shall be commenced within two years ***."

[2] ORS 12.080(2) provides:

"An action upon a liability created by statute, other than a penalty or forfeiture, excepting those mentioned in ORS 12.110 *** shall be commenced within six years."

entered a judgment declaring that defendant was required to submit to arbitration. Defendant appeals, arguing that the trial court erred as a matter of law in rejecting its affirmative defenses.

ORS 743.800 *et seq.* requires that every liability insurance policy covering a private passenger motor vehicle other than a motorcycle provide for certain benefits to the insured, his family and guests and pedestrians for medical, hospital, surgical and related expenses and for lost income and expenses for essential services normally performed by an injured person not engaged in a remunerative occupation. ORS 743.825(1), prior to amendment in 1975, provided:

> "Every insurer that transacts motor vehicle liability insurance, if its insured is or would be held legally liable for damages for injuries sustained by a person to whom benefits required by ORS 743.800 have been furnished by another insurer, or for whom benefits have been furnished by a health insurer or health care service contractor, shall reimburse such other insurers and other contractors furnishing such benefits for the benefits so furnished in an amount not to exceed the damages so recoverable if the other insurer and contractor are entitled to such reimbursement by the terms of their policy or agreement. Disputes between insurers and contractors as to the issues of liability for and the amount of the reimbursement required by this subsection shall be decided by arbitration."

The first question to be answered is whether under former ORS 743.825 an insurer who made PIP payments could maintain an action for reimbursement from the insurer of the allegedly responsible party if, when the action for reimbursement was commenced, an action for damages by the injured party was barred by the statute of limitations. The answer to that question lies in the interpretation of this phrase in former ORS 743.825(1), *supra:*

> "*** if its insured is or would be held legally liable for damages for injuries sustained by a person to whom benefits required by ORS 743.800 have been furnished by another insurer ***."

[528]

Because it has been determined that defendant's insured is not liable to plaintiff's insured, we focus on the "would be held legally liable" language. If the legislature intended that to mean "would be held legally liable if the insured had a remedy," then plaintiff should be able to maintain an action for reimbursement despite the fact that its insured had lost its remedy by the running of the statute of limitations. *See Lamb v. Young*, 250 Or 228, 441 P2d 616 (1968). On the other hand, if that phrase was intended to mean "would be held legally liable if an action were then brought by the insured (or by the insurer as subrogee)," plaintiff would have no right to reimbursement.

Reading former ORS 743.825(1) in its entirety, together with former ORS 743.830, *infra*, we are persuaded that the legislature intended the phrase "would be held legally liable for damages ***" to have the latter meaning. In the same subsection the legislature used the expression "damages so recoverable." The use of the word "recoverable" indicates that the legislature did not have in mind some abstract legal right of the insured, but rather a right with a remedy.

That conclusion is supported by the provisions of former ORS 743.830, which gave the insurer who made PIP payments a right to

"*** the proceeds of any settlement or judgment that may result from the exercise of any rights of recovery of the claimant against any motorist legally responsible for the bodily injury because of which such payment is made."

Subsections (3) and (4) of ORS 743.830 provided:

"(3) The claimant shall do whatever is proper to secure and shall do nothing after loss to prejudice such rights;

"(4) If requested in writing by the insurer or contractor, the claimant shall take, through any representative not in conflict in interest with the claimant, designated by the insurer or contractor, such action as may be necessary or appropriate to

[529]

recover such payment as damages from such person, such action to be taken in the name of the claimant, but only to the extent of the payment made by the insured or contractor. In the event of a recovery, the insurer or contractor shall be reimbursed out of such recovery for expenses, costs and attorney fees incurred by it in connection therewith ***."

Those provisions strongly suggest that the legislature intended to give the insurer who made PIP payments a choice: The insurer could initiate a proceeding for reimbursement so long as a timely action had been or could be commenced on behalf of its insured against the other insured party, or it could compel the insured to commence an action if need be. The protection provided the insurer in former ORS 743.830(3) and (4) would seem to have been unnecessary had the legislature intended to permit the insurer to seek reimbursement whether or not its insured had instituted a timely action against the legally responsible motorist.

We hold that the trial court erred as a matter of law in declaring that defendant was required to submit to arbitration. Because our determination of that issue is dispositive, we do not reach the other matters raised by the defendant.[3]

Reversed and remanded.

---

[3] The parties did not raise the question whether the dispute in this case was itself subject to arbitration, and nothing in this opinion should be understood to relate to that question.