Argued and submitted June 15, reversed and remanded with instructions
December 5, 1990

In the Matter of the Marriage of

Frances HOVDEN,
*Petitioner,*
*and*

James Allen HOVDEN,
*Respondent.*

STATE ex rel Frances HOVDEN,
nka Frances Murphy,
*Respondent,*

*v.*

James Allen HOVDEN,
*Appellant.*

(33661; CA A62340)

802 P2d 89

Lynn H. Heusinkveld, Coos Bay, argued the cause for appellant. With him on the brief was Lynn H. Heusinkveld, P.C., Coos Bay.

John T. Bagg, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Richardson, Presiding Judge, and Newman and Deits, Judges.

NEWMAN, J.

## NEWMAN, J.

Husband appeals a judgment in favor of the state determining that he was $17,542 in arrears for child support as of December 31, 1988. ORS 25.330. The judgment included $9,600 that was due before April 19, 1979. We reverse.

Husband and his former wife dissolved their marriage in August, 1974. The dissolution judgment provided that husband would pay her $75 each month in child support for each of their two children. He made only sporadic payments. She received public assistance from the state to support the children. Under ORS 416.410(1), the state became the assignee of her right to recover child support up to the amount that it had provided to her in public assistance.

On April 19, 1989, the state filed a Notice of Determination of Arrearages to recover the amount that it claimed that husband owed in child support payments. He objected to the determination of the amount he owed, asserting that the state could not recover installments that were due before April 19, 1979, because it did not renew any of the judgments pursuant to ORS 18.360, which provides:

"Whenever, after entry of a judgment, a period of 10 years elapses, the judgment and any docketed or recorded lien thereof shall expire. However, before the expiration of 10 years the circuit or district court for the county in which the judgment originally was entered, on motion, may renew the judgment and cause a new entry and docketing of the judgment to be made."

The state recognizes that each support payment under the dissolution judgment became a final judgment each month as it became due. ORS 107.135(5); *see Hansen v. Hansen,* 272 Or 686, 688, 538 P2d 935 (1975). The state also recognizes that ORS 18.360 would bar a private party from enforcing judgments that have not been renewed before the 10-year period has lapsed but asserts that ORS 18.360 does not apply to it. The trial court agreed. We do not.

ORS 12.250 provides:

"Unless otherwise made applicable thereto, the limitations prescribed in this chapter shall not apply to actions brought in the name of the state * * * or for its benefit."

If ORS 18.360 were a Statute of Limitations, ORS 12.250

might make the 10-year period inapplicable to the state, even though ORS 18.360 is not part of ORS ch 12. *See City of Medford v. Budge-McHugh Supply Co.,* 91 Or App 213, 218, 754 P2d 607, *rev den* 306 Or 661 (1988). ORS 18.360, however, is not a Statute of Limitations. ORS 18.360 defines a period during which a judgment and its lien exists. In contrast to the bar of a limitation, which a party may waive, the expiration of a judgment and its lien cannot be waived. If the judgment has not been renewed and the 10-year period has elapsed, the judgment "expire[s]."

There is no Oregon case law on this point, but federal cases are instructive. The United States Supreme Court has said that

"[t]he time limited for issuing executions [on judgments] is not, strictly speaking, a statute of limitations. On the contrary, the privilege of issuing an execution is merely to be exercised within a specified time, as are other procedural steps in the course of a litigation after it is instituted." *Custer v. McCutcheon,* 283 US 514, 519, 51 S Ct 530, 75 L Ed 1239 (1930).

In *United States v. Fiorella,* 869 F2d 1425 (11th Cir 1989), the United States was not allowed to revive a judgment against a delinquent taxpayer that had become dormant under an Alabama statute that provided that a judgment cannot be revived after the lapse of 20 years from its entry. Ala Code § 6-9-190 (1989). The court stated that the statute "limits the time for issuing executions on judgments, is not a statute of limitation and operates the same against the United States as it operates against private parties." *United States v. Fiorella, supra,* 869 F2d at 1426.

There is other support for our conclusion that ORS 18.360 applies to the state. A state agency, the Department of Justice Support Enforcement Division (SED), after an administrative proceeding, may issue a support order on behalf of the Department of Human Resources (DHR), also a state agency, if DHR has paid public assistance to or for a dependent child. ORS 416.400 to ORS 416.470. SED may have a support order docketed in the circuit court, which gives the order "the force, effect and attributes of a docketed * * *

decree of the circuit court." ORS 416.440(3).[1] ORS 416.440(3)(b) then provides that the order has the "[a]bility to be renewed pursuant to ORS 18.360." The legislature must have contemplated that the state would renew such a docketed order within 10 years, or, pursuant to ORS 18.360, the "decree" or judgment would expire. If ORS 18.360 applies as just described, presumably the legislature also contemplated that it applies to the judgment that the state obtained here that determined husband's support arrearages.

We conclude that ORS 18.360 applies to the state. It did not renew the support payment judgments that accrued before April 19, 1979. Accordingly, the court erred when it included in the judgment the support payments that were due from husband before that date.

Reversed and remanded with instructions to enter amended judgment not inconsistent with this opinion.

---

[1] ORS 416.440 provides:

"(1) The documents required to be filed for purposes of subsection (2) of this section include all the following:

"(a) A true copy of any order entered by the administrator or hearings officer pursuant to ORS 416.400 to 416.470.

"(b) A true copy of the return of service, if applicable.

"(c) A separate statement containing the information required to be contained in a judgment under ORCP 70 A.(2)(A).

"(2) The documents described under subsection (1) of this section shall be filed in the office of the clerk of the circuit court in the county in which either the parent or the dependent child resides. Upon receipt of the documents, the clerk shall docket the order in the circuit court judgment docket.

"(3) Upon docketing under subsection (2) of this section, the order shall have all the force, effect and attributes of a docketed order or decree of the circuit court, including but not limited to:

"(a) Lien effect;

"(b) Ability to be renewed pursuant to ORS 18.360; and

"(c) Ability to be enforced by supplementary proceedings, contempt of court proceedings, writs of execution and writs of garnishment."