Argued and submitted May 11, affirmed December 16, 1998

STATE OF OREGON,
Acting by and through
Department of Human Resources
and Senior and Disabled Services Division,
*Respondent,*

*v.*

Sharon D. PAYNE,
in her capacity as Personal Representative
of the Estate of Myrtle Payne,
*Appellant.*

(9701-00277; CA A98406)

970 P2d 266

Richard S. Diaz argued the cause for appellant. With him on the briefs was MacPherson, Gintner, Gordon & Diaz.

Jas. Adams, Assistant Attorney General, argued the cause for respondent. With him on the brief were Hardy Myers, Attorney General, and Michael D. Reynolds, Solicitor General.

Before Deits, Chief Judge, and De Muniz and Haselton, Judges.

DEITS, C. J.

## DEITS, C. J.

Plaintiff, the State of Oregon, made a claim against the estate of Myrtle Payne, pursuant to ORS 414.105, to recover medical assistance payments that had been made to the decedent. Defendant personal representative disallowed the claim. Plaintiff then brought this action pursuant to ORS 115.145(1)(b) but did not do so within the 30-day period following the disallowance that ORS 115.145(1) prescribes. Defendant pleaded as an affirmative defense that the action is time-barred, to which plaintiff responded that it, as a governmental body, is not subject to statutes of limitations. Both parties moved for summary judgment. There are no disputed material questions of fact. The decisive issue is which party is correct, as a matter of law, as to whether ORS 115.145 bars plaintiff's action.[1] The trial court agreed with plaintiff and granted its motion and denied defendant's. Defendant appeals, assigning error to the trial court's rulings on the summary judgment motions. We affirm.

ORS 115.145 provides:

"(1)   If the personal representative disallows a claim in whole or in part, the claimant, within 30 days after the date of mailing or delivery of the notice of disallowance, may either:

"(a)   File in the estate proceeding a request for summary determination of the claim by the probate court, with proof of service of a copy of the request upon the personal representative or the attorney for the personal representative; or

"(b)   Commence a separate action against the personal representative on the claim in any court of competent jurisdiction. The action shall proceed and be tried as any other action.

"(2)   If the claimant fails to either request a summary determination or commence a separate action as provided in subsection (1) of this section, the claim, to the extent disallowed by the personal representative, is barred.

---

[1] The state makes an alternative argument based on a theory that defendant waived the benefit of ORS 115.145. We need not reach that argument.

"(3)  In a proceeding for summary determination of a claim or in a separate action on a claim the claim shall be allowed or judgment entered on the claim in the full amount of the liability, if any, of the decedent to the claimant. However, the claim shall be paid only to the extent of the assets of the estate allocable to the payment of the claim pursuant to ORS 115.115 and 115.125."

ORS 12.250 provides:

"Unless otherwise made applicable thereto, the limitations prescribed in this chapter shall not apply to actions brought in the name of the state, or any county, or other public corporation therein, or for its benefit."

Since its enactment in 1903, ORS 12.250 has been interpreted and applied according to its terms in decisions by the Supreme Court and this court. The most recent significant interpretation is in *City of Medford v. Budge-McHugh Supply Co.*, 91 Or App 213, 754 P2d 607, *rev den* 306 Or 661 (1988), where we discussed the statute, the earlier case law construing it, and held that it applied to limitation provisions outside ORS chapter 12 as well as the provisions in that chapter.

Defendant argues that ORS 12.250 does not apply here, because ORS 115.145(1) is not a limitation statute of a kind that simply bars a *remedy*. Rather, she maintains, the time for bringing the action that the statute specifies is part of the *right* of action. She relies for that distinction on *Lamb v. Young*, 250 Or 228, 230-31, 441 P2d 616 (1968), where the court explained that, "unlike general statutes of limitations," which affect

"only the remedy, not the right, * * * some statutes stating the time within which one must bring an action to enforce a right created by the statute do more than state a time within which the remedy must be commenced. In such statutes, the right, not just the remedy, is extinguished if the right is not asserted within the time specified."

The practical effect of the distinction is that, in cases where the "right" is "extinguished," the plaintiff is *per se* not entitled to proceed, whereas the plaintiff is barred under "general statutes of limitation" only if the defendant asserts and establishes the untimeliness of the action.

The court in *Lamb* relied principally on its earlier decision in *Richard v. Slate*, 239 Or 164, 396 P2d 900 (1964), *overruled on other grounds by Rennie v. Pozzi*, 294 Or 334, 656 P2d 934 (1982).[2] The court in *Richard* had applied the rationale, later endorsed in *Lamb*, in holding that the limitation period in the wrongful death statute was "a part of the right and not a statute of limitations." *Richard*, 239 Or at 168. The court explained:

> "The right of action for wrongful death is statutory, for it is well-established that at common law no remedy by way of a civil action for wrongful death existed. The action for injury died with the person. * * *
>
> "ORS 30.020 created a new right and a new liability, and is not a survival statute." *Id.* at 167 (citations omitted). *See also Greist v. Phillips*, 322 Or 281, 906 P2d 789 (1995).

Defendant argues that probate claims and ensuing judicial procedures under ORS 115.145, like the subjects of the cited cases, are statutory creatures and that the time limits they contain are therefore part of the right rather than limitations on the remedy. We disagree. The statutory procedures for pursuing claims against an estate do not create a right; they provide a mechanism for vindicating rights that exist independently of them. The state's right to pursue the medical assistance payments in this case is codified in ORS 414.105 and, under subsection (1) of that section, the state had a direct right of action to recover the payment from the decedent before her death. Moreover, ORS 414.105 itself has nonstatutory underpinnings; it codifies a variation of the common-law action for money had and received which, in turn, has precursors dating to the forms of action.

The best way to illustrate the proposition is by comparison with the wrongful death statute. As noted in *Richard*, the wrongful death act is not a "survival statute." Conversely, the probate code is. ORS 115.305 provides that

---

[2] In *Nichols v. Wilbur*, 256 Or 418, 420, 473 P2d 1022 (1970), the court indicated that *Richard* "is to be disregarded" with respect to still another different ground. However, the point in *Richard* for which it was cited in *Lamb* appears to remain viable. In *Owens v. Maass*, 323 Or 430, 439, 918 P2d 808 (1996), the Supreme Court cited *Lamb* and adhered to the proposition that some statutorily created rights are extinguished by the running of "time limitations" that are contained in the creating statute. *Richard* is still good authority on that issue.

"[a]ll causes of action or suit, by one person against another, survive to the personal representative of the former and against the personal representative of the latter." The claim provisions of the probate code simply provide the procedures by which claims and ensuing actions against the estate, including those that were viable but had not been instituted before the decedent's death, may be pursued. *See Thomas v. Senior and Disabled Services Div.*, 319 Or 520, 529, 878 P2d 1081 (1994) (in claim against estate under ORS 414.105(2), the *"remedy* of statutory interest under ORS 82.010(1)(a)" is available, "but only through those *procedures* specifically provided in the probate code") (emphasis added).

We conclude that the probate claims procedure is not analogous to the statutorily created rights of action considered in *Lamb* and related cases but is instead a statutory mechanism for vindicating rights that have their origins elsewhere. Although defendant phrases her arguments in various ways (*e.g.,* "jurisdiction," "indispensable condition"), none of them has merit apart from her premise that the probate statutes are the source of plaintiff's right of action.[3]

The only question that remains is whether ORS 115.145 *is* a statute of limitations for purposes of ORS 12.250, leaving aside the *Lamb* and related rationales that defendant espouses. The answer to that question is not difficult. ORS 115.145(1)(b) is a statute of limitation, because it places a limit on the time within which an action of this precise kind may be brought. *See Ben Rybke Co. v. Royal Globe Insurance Co.*, 293 Or 513, 518, 651 P2d 138 (1982) (effect of statutes of limitations is "to set a maximum time within which a lawsuit

---

[3] Defendant relies on *Hovden and Hovden*, 104 Or App 514, 802 P2d 89 (1990). *Hovden* is not on point. In that support arrearage action, the state invoked ORS 12.250 as support for its thesis that it retained enforcement rights in a judgment that had expired under and had not been renewed pursuant to ORS 18.360. We concluded that ORS 18.360 is not a statute of limitations on the bringing of an action and, further, that there was direct evidence in the statutory scheme of a legislative intent to make ORS 18.360 applicable to the state. Neither basis for our holding in *Hovden* is relevant here.

Defendant also seeks support in the fact that ORS 115.145(3) and other provisions of the probate code place limits and priorities on the amounts some claimants may recover. However, that does not alter the fact that the underlying *right of action* exists independently of the probate code. *See Lakin v. Senco Products, Inc.*, 144 Or App 52, 79, 925 P2d 107 (1996), *rev allowed* 325 Or 438 (1997).

may be filed"). ORS 115.145 is a statute of limitations and ORS 12.250 makes it inapplicable to plaintiff. *City of Medford*, 91 Or App 213. The trial court did not err in granting plaintiff's motion for summary judgment.[4]

Affirmed.

---

[4] We have considered but are not persuaded by defendant's remaining arguments. Insofar as defendant contends that ORS 115.145 or related statutes contain provisions that make its limitation period applicable to the state, within the meaning of the first clause of ORS 12.250, we disagree. Defendant's contention that the applicability of ORS 12.250 offends the probate code's policies of finality and expeditiousness is for the legislature.