Argued and submitted September 4, judgment vacated November 26, 2003

CITIZENS SAVINGS AND LOAN ASSOCIATION,
a Federal Savings and Loan Association;
and Federal Deposit Insurance Corporation,
as Receiver for Citizens Savings and Loan Association,
Successor-in-Interest,
*Plaintiffs,*

*and*

THE CADLE COMPANY,
an Ohio corporation, (Assignee),
*Respondent,*

*v.*

Thomas A. McDONALD
and Marian F. McDonald,
*Appellants.*

86-CV-0069-33; A119140

80 P3d 532

Scott A. Shorr argued the cause and filed the briefs for appellants.

Katharine A. Miller argued the cause for respondent. On the brief was Paul B. Heatherman.

Before Landau, Presiding Judge, and Armstrong and Brewer, Judges.

LANDAU, P. J.

## LANDAU, P. J.

Defendants Thomas A. McDonald and Marion F. McDonald moved to set aside a judgment, arguing that it was not renewed in a timely manner and that it therefore was void. The trial court denied the motion. Defendants appeal, again asserting that the renewal judgment is void for lack of timely renewal. We agree and vacate the judgment.

The relevant facts are not in dispute. In May 1985, defendants entered into an agreement with Citizens Savings and Loan Association (Citizens) to buy property in Jefferson County known as the Norton Ranch. The purchase price was $1,407,165, to be paid by defendants to Citizens in install-ments due on September 1, 1985, January 1, 1986, and January 1, 1987, with the remaining principal and inter-est due on May 8, 1987. The agreement also provided that, if defendants failed to perform any part of the agreement, Citizens was entitled, among other remedies, to "[s]pecifically enforce" the contract in equity and to declare the entire unpaid balance due and payable. In addition to the property itself, defendants conveyed as security under the agreement their interest in a grazing lease pertaining to other property.

Defendants failed to make any payments as pro-vided in the agreement. In August 1986, Citizens initiated an action for specific performance and, if defendants failed to pay the outstanding balance and interest, for a sheriff's sale of the property and the grazing lease. Citizens later moved for summary judgment on its complaint, which the trial court granted. On January 2, 1987, the trial court entered a judg-ment of specific performance and money judgment in favor of Citizens in the amount of $1,407,165. On January 27, 1987, the trial court entered an amended judgment, containing additional terms pertaining to the grazing lease. In March 1987, after defendants failed to pay Citizens the amount owing, the property was sold to Citizens at a sheriff's sale for the amount of $975,000.

In January 1997, the Federal Deposit Insurance Corporation (FDIC), as receiver for Citizens, sought a renewal of judgment in the circuit court. The renewal recited

that the judgment originally was entered on January 27, 1987. The renewal was filed by FDIC and signed by the trial judge on January 23, 1997, and was entered in the register on January 28, 1997.

FDIC's interest in the judgment eventually was assigned to plaintiff, The Cadle Company. In September 2001, plaintiff served defendants with a notice of demand for payment. In January 2002, plaintiff filed a motion for a debtor's examination of defendants. In April 2002, defendants moved to set the judgment aside as "null and void." Defendants contended that the original judgment was entered on January 2, 1987; that the filing of an amended judgment on January 27, 1987, did not extend the period authorized for renewal; and that, consistently with ORS 18.360 (1995),[1] the renewal of the judgment on January 23, 1997, therefore was untimely. Plaintiff opposed defendants' motion on the ground that it was itself untimely. Plaintiff also argued that the January 27, 1987, judgment materially amended the January 2, 1987, judgment; that the January 27 amended judgment therefore was the relevant judgment for the purpose of the 10-year renewal period provided in ORS 18.360; and that, accordingly, the renewal of the judgment on January 23, 1997, was timely. Plaintiff attached to its memorandum in opposition to defendants' motion a copy of the register, for the purpose of showing that the amended judgment was entered on January 27, 1987, and, purportedly, that the judgment was renewed on January 23, 1997.

On July 17, 2002, the trial court heard argument on defendants' motion. Defendants again contended that, because the original judgment was entered on January 2,

---

[1] The text of ORS 18.360 (1995) is set out in the discussion. All further references to the statute are to its 1995 version. We note that the 1997 and 1999 legislative assemblies amended ORS 18.360 in several respects that are not relevant here and that the 2003 legislature repealed ORS 18.360 and enacted numerous new provisions relating to judgments. Of interest here, what formerly constituted renewal of a judgment will now be denominated "extension of judgment remedies" and will be accomplished by "filing a certificate of extension"—signed by the judgment creditor or his or her legal counsel—in the court that entered the judgment, no later than the date on which the judgment "remedies" for the judgment expire. Or Laws 2003, ch 576, §§ 18, 19, 580. As of the effective date of the act (January 1, 2004), sections 18 and 19 of Oregon Laws 2003, chapter 576, apply to all judgments whether entered before, on, or after that date. Or Laws 2003, ch 576, § 45(5).

1987, the judgment expired on January 2, 1997, and the renewal judgment therefore was untimely and, consequently, void. After the hearing, defendants filed a supplemental memorandum of points and authorities, in which they argued for the first time that, as demonstrated by the register (submitted earlier by plaintiff and submitted again by defendants with the memorandum), the renewal judgment was not entered in the register until January 28, 1997. Defendants argued that, accordingly, even if the January 27, 1987, amended judgment was the relevant judgment for the purpose of the 10-year period, renewal was untimely and the renewal judgment was void. The trial court denied defendants' motion to set aside the renewal judgment.

On appeal, defendants again argue that the renewal judgment is void because it was not entered within 10 years of entry of either the original or the amended judgment. Plaintiff responds that, because defendants waited until 2002 to challenge the renewed judgment, their claim of error is barred as untimely under the doctrine of waiver or laches. On the merits, plaintiff argues that the amended judgment superseded the original judgment and therefore was the operative judgment for the purpose of the running of the 10-year effective period and that it was sufficient that plaintiff *filed its motion* to renew the judgment "before the expiration of 10 years."

As an initial matter, we reject plaintiff's contention that defendants' motion to set aside the renewal judgment was barred under the doctrine of waiver or laches. In their motion, defendants argued that the judgment was void. Although defendants did not expressly rely on ORCP 71 B(1)(d), an argument that a judgment is void necessarily implicates that rule. *See Estate of Selmar A. Hutchins v. Fargo*, 188 Or App 462, 466, 72 P3d 638 (2003) (argument that a judgment is void necessarily implicates ORCP 71 B(1)(d)). Moreover, under ORCP 71 B(1)(d), there is no time limit on such a motion. *Hutchins*, 188 Or App at 468-70.

We turn to the merits, that is, whether the renewal judgment is void. At the outset, we note that a judgment entered at a time that the court lacks jurisdiction to enter it is void. *See, e.g., Gonzalez v. Schrock Cabinet Co.*, 168 Or App

36, 42, 4 P3d 74 (2000), *rev den*, 331 Or 674 (2001) (an order or judgment entered at a time when the agency or court lacks jurisdiction is void and hence a nullity). Whether a court has subject matter jurisdiction is a question of law. *Hutchins*, 188 Or App at 466. Such jurisdiction exists when the constitution or a statute authorizes the court to act. *Callahan v. Employment Division*, 97 Or App 234, 238, 776 P2d 21 (1989) (citing *School Dist. No. 1, Mult. Co. v. Nilsen*, 262 Or 559, 567, 499 P2d 1309 (1972)).

In determining whether ORS 18.360 authorized the trial court to renew the judgment, we apply the method of statutory construction set out in *PGE v. Bureau of Labor and Industries*, 317 Or 606, 610-12, 859 P2d 1143 (1993), that is, we attempt to determine the intended meaning of the statute, looking first to its text in context and, if necessary, to legislative history and other aids to construction.

ORS 18.360 provided, in part:

> "(1) Whenever, after the entry of a judgment, a period of 10 years elapses, the judgment and any docketed or recorded lien thereof shall expire. *However, before the expiration of 10 years the circuit * * * court for the county in which the judgment originally was entered, on motion, may renew the judgment and cause a notation in the register and the judgment docket indicating the renewal of the judgment to be made.* The renewed judgment and any lien thereof expire 10 years after entry of the renewed judgment."

(Emphasis added.) Two features of the text are significant to the disposition of this case.

■ First, the statute provided that the entity required to take action "before the expiration of 10 years" was the circuit court, not a party to a judgment. Thus, it is clear that a party merely filing a motion to renew a judgment within the 10-year period does not prevent the expiration of that judgment. When the legislature wants to predicate a judgment renewal on the filing of a motion alone, it knows how to say that. *See, e.g.*, ORS 18.365 (1999) (providing that a justice or municipal court judgment expires after 10 years, that it may be renewed upon motion of the judgment creditor, and that "[t]he motion must be made before the expiration of the judgment"). It did not say that in ORS 18.360(1).

Second, the statute required two different actions to occur before the expiration of 10 years: "renew[ing] the judgment" and "caus[ing] a notation in the register and the judgment docket." Thus, even assuming that, in this case, the circuit court "renew[ed] the judgment" before the expiration of 10 years by granting a motion to renew, that action was insufficient to avoid the expiration of the previous judgment. By its terms, the statute required the court also to "cause a notation in the register and the judgment docket" before the expiration of that period. In this case, it is undisputed that the renewal judgment was not entered in the register until January 28, 1997, that is, more than 10 years after the entry of either the original or the amended judgment. That was outside the time period authorized by ORS 18.360(1).

We therefore conclude that the trial court lacked subject matter jurisdiction to enter the renewal judgment. It follows that the renewal judgment is void and must be vacated. *See Nendel v. Meyers*, 162 Or 661, 94 P2d 680 (1939) (where trial court entered order outside time period authorized by statute, court lacked subject matter jurisdiction; order therefore was null and void); *Hood River County v. Stevenson*, 177 Or App 78, 85, 33 P3d 325 (2001) (vacating void judgment).

Judgment vacated.