Argued and submitted December 3, 2008, motion to dismiss denied; affirmed
June 17, 2009

OREGON RECOVERY, LLC,
an Oregon limited liability company,
and Craig H. Cowles,
*Plaintiffs-Appellants,*

*v.*

LAKE FOREST EQUITIES, INC.,
a dissolved foreign corporation;
Edward F. Byczynski;
Jeanne Graves;
National Tenant Network, Inc.,
an Oregon corporation;
and Lake Forest Equities, Inc.,
an Oregon corporation,
*Defendants-Respondents.*

Clackamas County Circuit Court
CV04120018; A130313

211 P3d 937

Terrence Kay argued the cause and filed the briefs for appellants.

Elizabeth Duncan argued the cause for respondent Edward F. Byczynski. On the brief were Sanford R. Landress and Greene & Markley, P.C.

No appearance for respondents Lake Forest Equities, Inc., Jeanne Graves, and National Tenant Network, Inc.

Before Landau, Presiding Judge, and Schuman, Judge, and Deits, Senior Judge.

LANDAU, P. J.

## LANDAU, P. J.

■ Plaintiffs appeal a judgment dismissing their claims on the ground that they are based on judgments that had expired as a matter of law. Defendants move to dismiss the appeal on the same ground. We deny the motion to dismiss; whether or not the trial court was correct in determining that the case before it was moot does not mean that this appeal—concerning the correctness of that determination—is moot. We then conclude for the reasons stated in this opinion that the trial court, in fact, correctly determined that plaintiffs' claims are moot and affirm on that basis.

The relevant facts are not in dispute. On April 2, 1985, plaintiff Craig H. Cowles obtained a judgment against defendant Edward F. Byczynski. Two months later, on June 4, 1985, Commercial Agency obtained a judgment against Byczynski as well. Sometime later, Commercial Agency assigned its rights under that judgment to plaintiff Oregon Recovery, LLC.

On February 1, 1995, Cowles renewed his judgment against Byczynski. On May 4 of that same year, Oregon Recovery renewed its judgment against Byczynski.

On December 1, 2004—several months before both of the judgments were set to expire, *former* ORS 18.360(1) (2001)[1]—Cowles and Oregon Recovery initiated this action against Byczynski. Cowles and Oregon Recovery alleged that Byczynski owned defendant Lake Forest Equities, Inc., which owned certain real property. According to the complaint, Lake Forest Equities deeded the property to Byczynski, who then deeded the same property to defendant Jeanne Graves, all in an effort on Byczynski's part to avoid possessing property that could be used to satisfy the judgments against him, in violation of the Uniform Fraudulent Transfer Act (UFTA), ORS 95.200 to 95.310. In a similar vein, the complaint alleged that Byczynski transferred to Graves shares of a corporation that he owned in defendant National Tenant Network, Inc. Again, the complaint alleged that Byczynski

---

[1] *Former* ORS 183.360 (2001) was repealed by Oregon Laws 2003, chapter 576, section 580. The repeal of that statute does not affect the outcome of this case. All references are to the 2001 version of the statute.

engaged in the transaction to hinder the collection of the two outstanding judgments against him. Cowles and Oregon Recovery asked the court to set aside the transfers and to have the proceeds of those assets held in trust for plaintiffs and applied to payment of plaintiffs' judgments.

Several months after the filing of the complaint, on February 1, 2005, Cowles's judgment against Byczynski expired. On May 4, 2005, Oregon Recovery's judgment against Byczynski also expired.

The following month, all defendants moved for summary judgment dismissing the claims against them, asserting that, in light of the expiration of the judgments, those claims had become moot. Defendants argued that each of those claims depends on the existence of a debt to Cowles or Oregon Recovery, that the judgments were the debts, and that the claims therefore became moot when the judgments expired.

Cowles and Oregon Recovery argued that a conveyance is fraudulent under the UFTA if it occurred at the time the judgment remained unsatisfied and that "[n]othing under the Act states Plaintiffs' judgments must remain in effect throughout the prosecution of the case." They further argued that, because they commenced their action before the expiration of the judgments, the expiration of the judgments was effectively tolled pending the litigation. In any event, they argued, the fact that Byczynski was attempting to conceal himself and his assets tolled the expiration of the judgments under ORS 12.150. Finally, they contended that their claim for the imposition of a constructive trust is not dependent on the existence of an enforceable judgment.

The trial court rejected each of Cowles and Oregon Recovery's arguments and agreed with defendants that they were entitled to summary judgment. The court dismissed the ·claims as moot. Cowles and Oregon Recovery then moved for leave to amend their complaint to add allegations that Byczynski had attempted to conceal himself and his assets to avoid paying on the judgments. The trial court denied the motion.

On appeal, Cowles and Oregon Recovery assign error to the trial court's decision to grant summary judgment dismissing their claims and to the court's denial of their motion to amend. In support of those assignments, they essentially renew the same arguments that they made before the trial court. Likewise, defendants on appeal contend, as they did before the trial court, that each of the claims against them—including the claim for imposition of a constructive trust—depends on the existence of a debt, which, in turn, was embodied in the judgments. When the judgments expired, they contend, so did the underlying debts. As for the denial of the motion to amend, defendants contend that the trial court did not err, because the addition of allegations of concealment would have made no difference to the outcome of the case.

We begin with the trial court's dismissal of all claims based on ORS 18.360(1). That statute provided, in part:

> "[W]henever a period of 10 years elapses after the entry of a judgment in a circuit court, the judgment, and any docketed or recorded lien thereof shall expire. However, before the expiration of 10 years the circuit court for the county in which the judgment originally was entered, on motion, may renew the judgment and cause a notation in the register and the judgment docket indicating the renewal of the judgment to be made. The renewed judgment and any lien thereof expire 10 years after entry of the renewed judgment. * * * Execution may issue upon the renewed judgment until the judgment expires or is fully satisfied."

Under that statute, a judgment may be renewed for another 10-year period. At the conclusion of the 20-year period from the original date of entry of the judgment, it expires.

■■ The statute defines the time during which the judgment exists and may be executed upon. It is not, however, to be confused with a statute of limitations. We addressed that issue in *Hovden and Hovden,* 104 Or App 514, 517, 802 P2d 89 (1990), in which the state contended that it was not precluded from collecting child support arrearages that had been reduced to judgment but had not been renewed at the end of 10 years. The state argued that the expiration of the 10-year period prescribed by the pertinent version of ORS 18.360(1)

was not an impediment to its collection efforts because, under ORS 12.250, statutes of limitations are not generally applicable to the state. We rejected the argument:

> "If ORS 18.360 were a Statute of Limitations, ORS 12.250 might make the 10-year period inapplicable to the state * * *. ORS 18.360, however, is not a Statute of Limitations. *ORS 18.360 defines a period during which a judgment and its lien exists* [*sic*]. In contrast to the bar of a limitation, which a party may waive, the expiration of a judgment and its lien cannot be waived. If the judgment has not been renewed, and the 10-year period has elapsed, the judgment 'expire[s].' "

104 Or App at 516-17 (emphasis added).

In that light, it becomes clear that Cowles and Oregon Recovery's argument that the expiration of the judgments has been "tolled"—either by Byczynski's attempted concealment or by the fact that they *commenced* their action before the expiration of the judgments—is incorrect.

■ Plaintiffs first rely on ORS 12.150, which tolls a statute of limitations upon proof of absence or concealment. Because, as we held in *Hovden*, ORS 18.360(1) is not a statute of limitations, ORS 12.150 simply does not apply.

Plaintiffs also rely on what they characterize as an "analogy" to a statute of limitations principle, *viz.*, that what the law requires is mere *commencement* of an action before expiration of the limitations period. Given the fact that ORS 18.360(1) is not a statute of limitations, the analogy is inapt, however.

Consistent with that conclusion is our decision in *Citizens Savings and Loan v. McDonald*, 191 Or App 45, 80 P3d 532 (2003). In that case, a judgment creditor sought a renewal of a judgment shortly before the expiration of the 10-year period following entry of the judgment. The court, however, did not actually enter the renewal into the register until after the 10-year period had expired. When the judgment creditor later attempted to execute on the judgment, the debtor objected that the judgment had expired. We agreed. The fact that the creditor had commenced the process for renewing the judgment before the expiration of the

10-year period was of no moment, we explained. *Id.* at 50. What was controlling, we held, was the language of ORS 18.360, which said nothing about the necessity of *commencing* the renewal process before the expiration of the 10-year period. *Id.* Rather, we pointed out, the statute made clear that, unless the judgment was actually renewed, it expired. *Id.* at 50-51.

The same reasoning applies in this case. ORS 18.360(1) does not provide that a party must *commence* an action to enforce the judgment before the expiration of the 10- or 20-year statutory period. It provides that a judgment "expire[s]" after the relevant period and that "[e]xecution may issue"—not that execution must commence—"until the judgment expires."

■ We turn, then, to Cowles and Oregon Recovery's contention that, in any event, their UFTA claim survives the expiration of the judgments against Byczynski. As relevant here, ORS 95.230(1) provides that

"[a] transfer made or obligation incurred by a debtor is fraudulent as to a creditor * * * if the debtor made the transfer * * *:

"(a)   With actual intent to hinder, delay, or defraud any creditor of the debtor[.]"

ORS 95.260 provides for creditors' remedies for fraudulent transfers:

"(1)   In any action for relief against a transfer or obligation under ORS 95.200 to 95.310, a creditor, subject to the limitations provided in ORS 95.270, may obtain:

"(a)   Avoidance of the transfer or obligation to the extent necessary to satisfy the creditor's claim."

Thus, the remedies for relief from a fraudulent transfer are available to "creditors." ORS 95.200(4) defines a creditor as "a person who has a claim against a debtor." A "claim" is

"a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured."

ORS 95.200(3). A "debtor" is "a person against whom a creditor has a claim." ORS 95.200(6).

In this case, Cowles and Oregon Recovery do not dispute that their claims against defendants, including the claim for imposition of a constructive trust, arise out of the debts represented by the judgments against Byczynski. In fact, those judgments *are* the debts. When the judgments expired, Cowles and Oregon Recovery were no longer creditors of defendants, because the debt that formed the basis for their claims against defendants ceased to exist. Cowles and Oregon Recovery nevertheless insist that we must "liberally" construe the relevant provisions of the UFTA to enable them to pursue what they contend is an obviously fraudulent transfer of assets. They do not explain, however—and we do not understand—what specific language we may "liberally" construe in order to produce the result that they seek.

Moreover, and perhaps more to the point, what Cowles and Oregon Recovery request in this case cannot be reconciled with our decision in *Goodwin v. Usher*, 103 Or App 91, 95, 795 P2d 1112, *rev den*, 310 Or 547 (1990). In that case, a judgment creditor brought a claim under the UFTA to set aside certain conveyances by the defendant. After the claims were filed and after the trial court's ruling from the bench in favor of the plaintiff, but before the entry of judgment, the defendant satisfied the underlying judgment. The defendant then moved to dismiss the claim as moot, and the trial court denied the motion. We reversed, holding that, when the defendant satisfied the underlying judgment on which the UFTA claim was based, the claim became moot, because the plaintiff was no longer a creditor of the defendant entitled to a remedy under ORS 95.260. *Id.* Similarly in this case, when the judgments on which the UFTA claim is based expired, plaintiffs were no longer creditors of defendants and their claims became moot.

■ ■ That leaves Cowles and Oregon Recovery's claim seeking the equitable remedy of imposition of a constructive trust. They contend that a constructive trust claim "is another distinct or alternate claim" from the others in the complaint and that, to avoid inequity, we may allow them to maintain this action notwithstanding the expiration of the

underlying judgments. A constructive trust, however, is not an independent, substantive claim for relief; it is a *remedy* that the courts may impose for an underlying claim. *Tupper v. Roan*, 227 Or App 391, 398, 206 P3d 237 (2009). In this case, the underlying claims necessarily depend on the existence of the underlying debt, that is to say, the existence of the judgments, which have been extinguished.

In their second assignment of error, plaintiffs contend that the trial court erred in granting their motion for leave to file a second amended complaint so that they could allege that Byczynski had concealed himself, thereby tolling the expiration of the judgments. Given our conclusion that, even assuming that Byczynski had concealed himself, such conduct would not "toll" ORS 18.360(1), it necessarily follows that the trial court did not err in denying the motion to amend.

Motion to dismiss denied; affirmed.